HORATIO WALKER *v.* JAMES E. McNAUGHTON.

Where the defendant acknowledged in writing that he had received a pair of oxen from the plaintiff for the purpose of enabling him to perform certain work which he had contracted to do for the plaintiff, and the writing contained a condition that, when the job was completed, or at any time, if the plaintiff should choose, he should have the right to take the oxen by paying the defendant for what he had done towards the work, and, on completion of the work, and on settling therefor, the oxen, with other property delivered on the same terms, were to be "turned in" in payment for the work, it was held that the payment to the defendant was a condition precedent to the right of the plaintiff to take the oxen, and that, without such payment, he could not maintain trover against the defendant for the oxen, though the defendant had sold them before the work was complete.

TROVER for a yoke of oxen. Plea, the general issue, and trial by the court.

It appeared that the defendant contracted, September 8, 1841, to draw to the Battenkill a quantity of logs for the plaintiff, and that he was to complete the job that winter, or, if the season should prove unfavorable so that the work could not, with due diligence, be then finished, he was to complete it the next winter. On the 23d of January, 1842, the defendant executed a writing acknowledging the receipt, among other property, of the oxen in question, for the purpose of enabling him to perform said work, and containing this condition. "And if, when the job shall be done, or at any time, if the said Walker shall choose, he shall have the right to take any or all of the above property by his paying me for what I have done towards the job ; his account for hay, grain, and what goods he has furnished me at Harrington's, Orvis & Sperry's is first to be paid, and then this property is to be turned in, and if the whole job is finished I am to take cash for the balance."

Before the close of the winter of 1841—2, and before the job was completed, the defendant sold the oxen to one Smith, who refused to deliver them to the plaintiff on demand. Subsequently the plaintiff took them forcibly from the possession of Smith, and retained them in his own possession. The defendant offered to prove that the oxen were purchased absolutely and unconditionally by him of the plaintiff before the first contract was executed, (Septem-

Walker *v.* McNaughton.

ber 8, 1841) and that, at the time of the sale to Smith, he had performed as much of his labor, as he was, by the terms of the contract, bound to have done at that time.

The county court decided, on these facts, that the plaintiff was entitled to recover, notwithstanding the testimony offered by the defendant;—but only nominal damages. Exceptions by defendant.

*A. L. Miner* for defendant.

1. Though the general property in the oxen were in the plaintiff, he cannot maintain trover, as he had neither the possession, nor the right to the immediate possession.

2. If the testimony offered by the defendant were received and believed, the plaintiff cannot maintain this action, as the defendant could not be guilty of converting his own property.

*D. Roberts, Jr.,* for plaintiff.

Whatever might have been the character of the testimony offered by the defendant, its *effect* could be nothing, since the last contract must stand as a binding acknowledgment of the plaintiffs right, however inconsistent it might be with any previous trade.

The opinion of the court was delivered by

BENNETT, J.   It is not questioned, but that the plaintiff was at one time the owner of the oxen in dispute.   The case shows that the defendant on the trial offered to prove that, prior to the date of the first contract, (September 8th 1841,) the oxen in question were absolutely and unconditionally purchased by him of the plaintiff, and by him sold to Smith.   It is not said directly in the bill of exceptions, that this testimony was excluded, but it is stated that the court decided, upon the facts found, that the plaintiff was entitled to recover nominal damages, notwithstanding the testimony offered by the defendant.   It is to be taken that the testimony was excluded, and probably it was thought to be immaterial.   Whether it was immaterial or not must depend upon the effect of the written contract made by the parties to this suit on the 23d of January, 1842, If this necessarily must have the effect to divest the defendant of the ownership of the oxen and vest the title to them in the plaintiff, then the testimony offered could have had no effect.

The plaintiff, under that contract, had no right to take the possession of the oxen, without first paying the defendant for what he had done towards the job. This was a condition precedent to the exercise of the right, and there is no pretence in the case that this had been done. The contract, it is true, admits the receipt of the oxen by the defendant; but this might have been, in order that the plaintiff might hold a sort of lien upon them for the payment of the purchase money, which probably was to have been paid in the performance of the job, as the contract provides for " turning in " the property, which went into the hands of the defendant.

If these oxen had been absolutely and unconditionally purchased by the defendant before the making of the contract of January, 1842, the plaintiff could not maintain trover against this defendant for the sale of them to Smith, unless that contract should have the effect of a re-sale of the oxen back from the defendant to the plaintiff. We think it cannot have that effect, and, under the contract, the plaintiff's right to the oxen is made to depend upon his having paid the defendant for what he had done towards completing the job.

The result must be that the judgment of the county court is reversed.