[No. 1659.  Decided February 7, 1895.]

THE STATE OF WASHINGTON, *on the Relation of Aaron Baldwin*, v. THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF KING *et al.*

WRIT OF PROHIBITION — JURISDICTION TO ADMINISTER UPON DECEDENT'S ESTATE — REMEDY BY APPEAL.

A finding by the superior court that a decedent was a resident of this state, and died leaving property within the jurisdiction of the court, authorizes the court to administer thereon; and if the determination of the fact of residence is erroneous, the error should be corrected on appeal and not by the issuance of a writ of prohibition.

*Original Application for Prohibition.*

*Richard Saxe Jones*, for petitioner.

*Donworth & Howe*, for respondents.

The opinion of the court was delivered by

HOYT, C. J.—In November, 1894, a petition was filed in the superior court of King county by, or on behalf

of, Jennie K. Shay and A. K. Shay, in which was alleged, among other things, that for two years prior to the 18th day of April, 1894, Lena Shay Baldwin was a resident citizen of the city of Seattle and state of Washington, and during all that time had personal property in said city of the value of $1,000 or more; that she was the owner of certain real estate in the District of Columbia; that on said 18th day of April, she died, leaving in full force and effect a last will which devised to the petitioners certain property rights therein described; that said will came into possession of Aaron Baldwin, her husband, who was named as executor thereof; that said Aaron Baldwin was in the city of Seattle at the time of the death of said Lena Shay Baldwin, and had knowledge thereof at the time it occurred; that said will was in the custody and control of said Aaron Baldwin in the city of Seattle, state of Washington, when said Lena Shay Baldwin died, and that he has failed and refused, and still refuses, to present said will for probate, and to qualify as executor thereof. The prayer of said petition was that the said will might be admitted to probate, and the said Aaron Baldwin required to qualify as executor or formally decline to act as such; in which latter event it was prayed that said A. K. Shay be allowed to qualify as administrator with the will annexed of the estate of said Lena Shay Baldwin. It was further prayed therein that an order be issued requiring the said Aaron Baldwin to produce said will within twenty days after the date of such order, so that it could be probated in accordance with law.

Such petition was duly verified, and was supported by the affidavit of A. K. Shay; and founded thereon the court made an order that said Aaron Baldwin be required to produce the will of said Lena Shay Bald-

win, in the probate department of the superior court of King County, within twenty days; and it was further ordered that a certified copy of such order be forthwith served upon the said Aaron Baldwin. Such service was made upon said Baldwin in the District of Columbia. Thereafter he appeared in the proceeding and moved the court to set aside such order, and in support thereof filed certain affidavits which tended to show that, at the time of the death of the said Lena Shay Baldwin, she was not a resident of the state of Washington, but was a resident of the District of Columbia. The court denied the motion; whereupon said Aaron Baldwin, as relator, instituted this proceeding by which he seeks to have the superior court prohibited from further proceeding in the enforcement of said order, or in the administration of the estate of the said Lena Shay Baldwin. In his petition for the writ he sets up the facts as to the proceeding in the superior court, and alleges that such court will proceed in the administration of the estate unless prohibited from so doing. He further alleges that such court has no jurisdiction over the estate of said Lena Shay Baldwin, or of his person, and that it has no authority to proceed in the matter.

Writs of this kind are only issued to inferior courts when they are proceeding without, or in excess of, their jurisdiction. Hence, it is only necessary for us to determine as to whether or not the superior court of King county would have jurisdiction to proceed with the administration of the estate of said Lena Shay Baldwin, upon any state of facts which such court would be warranted in finding from the proofs offered or to be offered in the proceeding. If the jurisdiction depends upon a question of fact, the court in which such question is presented must be allowed to determine

that fact like any other; and if it commits error in so doing, such error can be corrected on appeal. Hence it will furnish no foundation for a writ of prohibition. If, at the time of her death, said Lena Shay Baldwin was a resident of King county, the courts thereof have original jurisdiction in the settlement of her estate. If she was a resident of the District of Columbia, the courts of this state would, under the facts disclosed by this record, have no jurisdiction.

It follows that the only question which we are called upon to decide is as to whether or not the superior court could, upon the papers before it, find that said Lena Shay Baldwin was, at the time of her death, a resident of the city of Seattle. Such residence is directly alleged in the petition and denied in the affidavits on the part of the relator, filed with his motion to set aside the order. Thus a question of fact was presented which the superior court was called upon to decide; and, though such fact related to the question of its jurisdiction, any error which it might commit in deciding it, would furnish reason for an appeal, but none whatever for the issue of a writ of prohibition. For the purposes of this proceeding it must be assumed that the superior court found as a fact that Lena Shay Baldwin, at the time of her death, was a resident of Seattle. By reason thereof the courts of King county had jurisdiction to administer her estate. If in such administration errors or irregularities are committed, the remedy by appeal is adequate for their correction.

The relator has argued that upon the undisputed facts the domicile of Lena Shay Baldwin, at the time of her death, was in the District of Columbia; and to sustain such argument, has sought to make a distinction between domicile and residence. In a technical and circumscribed meaning of such terms there may

be some distinction, but, under the authorities, we are unable to find anything in the facts of this case which would warrant us in distinguishing as between the domicile and the residence of the said Lena Shay Baldwin. That the right of original administration rests with the courts of the jurisdiction of which the deceased was a resident at the time of her death, is well established. This appears from authorities cited by the attorney for the petitioner. The citation from Woerner on Administration was for the purpose of showing that courts make a distinction between domicile and residence. The text cited seems to give color to the contention, as it is stated therein that administration belongs to the place of the domicile, even although the residence of the deceased at the time of death is elsewhere. But a reference to the authorities cited in support of the text clearly shows that, if founded thereon, it is without authority. None of them tend in the least degree to establish any such doctrine. The most that can be established therefrom is that original jurisdiction is in the place of the domicile or residence, notwithstanding the fact that deceased may have been temporarily absent therefrom and an inhabitant of another jurisdiction at the time of death. None of the cases so cited in any manner distinguish as between permanent residence and domicile.

If the superior court has found, or does find, as a fact, that Lena Shay Baldwin was at the time of her death a resident of Seattle, it has a right to proceed with the administration of her estate; and the remedy for such finding, if erroneous, is by appeal. Unless appealed from, such finding would become conclusive so far as the courts of this jurisdiction are concerned. In each jurisdiction the fact of residence must be decided, and such decision will be conclusive upon the

courts of that jurisdiction, and will determine the status of property situated therein. In courts of another state the question of jurisdiction can be raised in opposition to auxiliary proceedings, and if such courts decide that the court in which the original proceedings were had was without jurisdiction, they will refuse to give such proceedings force. See *Stark v. Parker*, 56 N. H. 481.

The relator questions the regularity of the service of the order upon him in the District of Columbia. It is only necessary to say in regard thereto that in what we have said no force has been given to such service. He also questions the form of the order. But in view of the fact that the court is proposing to do nothing thereunder except to proceed with the administration of the estate, the form of the order was immaterial.

Writ denied.

ANDERS, SCOTT, GORDON and DUNBAR, JJ., concur.