[No. 2548. Decided June 8, 1897.]

THE STATE OF WASHINGTON *on the Relation of Samuel Warren, as Administrator*, v. CHARLES H. AYER, *as Judge of the Superior Court of Thurston County.*

APPOINTMENT OF ADMINISTRATORS — CONFLICTING JURISDICTIONS — EFFECT OF IRREGULARITIES — WRIT OF PROHIBITION.

Where the superior court of one county has assumed jurisdiction of the administration of a decedent's estate, upon facts shown in an application therefor, prohibition will not lie to restrain its exercise of jurisdiction on the ground that the court of another county, which has subsequently assumed jurisdiction, is properly entitled thereto.

The insufficiency of the showing made for the appointment of a special administrator, under Code Proc., § 931, is nothing more than an irregularity, which would not affect the question of the jurisdiction of the court.

*Original Application for Prohibition.*

*Murry & Scott*, for relator.

*Daniel Gaby*, for respondent.

The opinion of the court was delivered by

Scott, C. J.—This was an application for a writ of prohibition to restrain the respondent from proceeding with the administration of the estate of one James Burns, deceased, pending in said court, on the ground that the court had no jurisdiction thereof. Upon an *ex parte* showing to the effect that the superior court of Pierce county had first appointed the relator as administrator of the estate of said James Burns, and that said Burns was a resident of Pierce county at the time of his death, an alternative writ was issued, and the matter now comes up on the return of the respondent thereto.

From this return it appears that one T. N. Ford, on the 23d day of March, 1896, made application in the superior court of Thurston county for special letters of administration, his petition therefor setting up all the facts essential to giving the superior court of Thurston county jurisdiction of said estate; that on said day Ford was appointed special administrator by said court, and that he qualified thereunder and special letters were issued to him. On the next day said Ford made application for general letters of administration and the hearing upon his petition therefor was set for the 6th day of April and notice given. The relator appeared at said time and objected to the jurisdiction of said court, claiming the jurisdiction of said estate to be in the superior court of Pierce county, and made an application, supported by affidavit, for a continuance to secure witnesses. A continuance was granted and thereafter the matter was tried, and on the 25th day of May, 1896, general letters of administration were issued by the

respondent court to said Ford, and he duly qualified thereunder and has since been proceeding in the discharge of his duties.

The relator contends that the superior court of Pierce county first passed upon the question of jurisdiction, and that such question could not be determined with reference to the time of making application for letters, but must be fixed with reference to the time of the adjudication of the court upon an application for general letters; and it is contended that the superior court of Pierce county was the first one to so decide upon the question of jurisdiction, and, it having decided that it had jurisdiction, the superior court of Thurston county was thereafter prevented from proceeding with the administration of said estate.

In the case of a conflict of jurisdiction of this kind, the difficulty of bringing the matters properly before the court upon an alternative writ of prohibition issued to one court, as in this instance, is apparent, as only the matters of record in that court could be returned in response to such writ, and only to the extent that the record of the proceedings of the other court had been made a part of the record in said respondent court could the same be brought up thereby. In this instance, it appears that the relator applied to the superior court of Pierce county for letters of administration after the application had been made as aforesaid to the superior court of Thurston county, and we find nothing in the record to support the contention that said last court first passed upon the question of jurisdiction in considering the application for general letters, even if that were decisive. It does appear that a hearing was had in said superior court of Pierce county on the 3d day of April, 1896, at which hearing said T. N. Ford appeared and exhibited his special letters of administration and objected to the jurisdiction of said court, which ob-

jection was overruled; whereupon the cause was continued, and it does not appear at what time the relator was appointed general administrator. But we do not consider this point material, for it is conceded that special letters of administration were first issued by the superior court of Thurston county, and they could only have been issued properly by the court having jurisdiction of the estate. A sufficient petition therefor having been made, calling upon the court to determine the matter of its jurisdiction, and the court having granted the petition, it necessarily followed that the court determined that it had jurisdiction. If said court thereafter saw fit to again enter upon the question of jurisdiction in considering the application for the appointment of a general administrator, as it did do when the question of fact was tried, the relator's remedy, if he had any, was by an appeal therefrom; for it is evident that a writ of prohibition could not bring that question of fact up for determination here, it being one to be tried upon the evidence. It is contended that the showing made for the appointment of the special administrator was insufficient, under § 931, Code Proc., but this, if true, was no more than an irregularity and would not affect the question of the jurisdiction of the court.

From the record before us it appears that the deceased was a resident of Thurston county at the time of his death, and therefore that the superior court of Thurston county had jurisdiction of the estate, and the court having determined that it had jurisdiction upon the facts presented, the writ must be denied.

REAVIS and DUNBAR, JJ., concur.

ANDERS, J., concurs in the result.

GORDON, J., dissents.