(No. 5632. Decided August 9, 1905.)

LEOPOLD M. STERN, *Appellant,* v. JASPER SILL, *Respondent.*

EXECUTORS AND ADMINISTRATORS—APPOINTMENT—APPLICATIONS IN DIFFERENT COUNTIES—JURISDICTION—ABODE OF DECEDENT. Upon an application for the appointment of a general administrator, it sufficiently appears that the place of abode of the decedent, at the time of his death, was in the county of S, when several witnesses testified that they had known him as a resident of such county for from 26 to 40 'years, and that he owned farms and other property in that county, although he died while in a hospital in the county of K, and one witness testified that he said he resided in that county.

EXECUTORS AND ADMINISTRATORS—JURISDICTION—ADMINISTRATION IN DIFFERENT COUNTIES—ABODE OF DECEDENT AT TIME OF DEATH. Upon the death of a resident of this state, exclusive jurisdiction to issue

1 Reported in 81 Pac. 1007.

general letters of adminitsration rests in the superior court of the county of the decedent's residence or place of abode at the time of his death, regardless of a prior appointment of a special administrator in the county in which he died.

Same—Appointment—Rights of Next of Kin—Who May Raise Objections. One who is not next of kin cannot object to the appointment of a general administrator on the ground that the time has not expired during which the next of kin have a preference right to apply for letters upon the estate.

Same—Application—Sufficiency. An application for letters of administration need not set forth the non-pendency of other applications.

Same—Defects—Amendments. A defective application for letters of administration will be deemed amended to conform to the proof in the absence of a showing of prejudice.

Appeal from an order of the superior court for Snohomish county, Denney, J., entered October 27, 1904, appointing an administrator of an estate, after overruling objections to the jurisdiction and hearing the evidence on the merits. Affirmed.

*William Sheller (Leopold M. Stern,* of counsel), for appellant.

*Bell & Austin,* for respondent.

Root, J.—On the 28th day of September, 1904, one James Long was in a hospital in Seattle, seriously ill. He requested that an attorney be sent to draft for him a will. Appellant was thereupon sent for and appeared, and was having some conversation with Long relative to his property and affairs, when said Long became suddenly worse, and died without having made any will. Appellant testified that Long told him that he resided in Seattle, and that he wished him (Stern) to look after his affairs in case of his death. Long had never known or seen appellant until that day, a couple of hours before his death. On the day following, appellant applied to the superior court, in King county, for special letters of administration upon said Long's estate, which were granted by said court.

On October 1, 1904, respondent, Jasper Sill, a long-time friend and neighbor of decedent, applied to the superior court of Snohomish county for appointment as general administrator of the estate. This petition was set to be heard October 12, but the hearing was postponed until October 19, at which time appellant, in his individual capacity and as special administrator, appeared and objected to the jurisdiction of the court of Snohomish county, and to the appointment of said Sill. After hearing the evidence, the court appointed respondent Sill as general administrator, and directed that letters as such be issued to him, upon taking the affidavit and filing the necessary bond. Said Sill duly qualified, and assumed the duties of general administrator of said estate. From this order and decree, appeal is taken to this court.

It is the contention of appellant that the larger part of decedent's estate was in King county, and that the court of either Snohomish or King county might exercise jurisdiction of the estate—the question as to which, to be controlled by the priority of the application or of the adjudication of the jurisdictional question; and that the granting of special letters by the King county court was an assumption by that court of jurisdiction, which deprived the Snohomish county court of all right to deal with the estate. We do not think this contention can be upheld. Bal. Code, § 6087, provides as follows:

"Wills shall be proved and letters testamentary or of administration shall be granted,—(1) In the county of which deceased was a resident, or had his place of abode at the time of his death; (2) In the county in which he may have died, leaving estate therein, and not being a resident of the state; (3) In the county in which any part of his estate may be, he having died out of the state, and not having been a resident thereof at the time of his death."

While it is claimed by appellant that decedent said he was a resident of King county, yet, upon the hearing of

respondent's application, several witnesses testified that they had known him as a resident of Snohomish county for many years, two of them as many as twenty-six years, and one for over forty years; that he had owned farms and other property in that county, and was still the owner of property therein; that he had sent for some of his papers to be forwarded to him at Seattle, probably for the purpose of preparing his will. From the great preponderance of the evidence, it appears that Long had resided in Snohomish county for forty years, and was a resident thereof at the time of his death, and left estate therein. Under the statute, the superior court of that county had exclusive original jurisdiction to administer his estate, and to issue general letters of administration thereon. Where a resident of one county, in this state, dies in another county, with property or business matters requiring immediate attention, it is doubtless true that the superior court of the latter county has jurisdiction over the estate in that county, for the purpose of appointing a special administrator to conserve the property until an executor or general administrator is appointed by the court which has jurisdiction to administer the entire estate; but the appointment of such special administrator does not give such court jurisdiction to issue letters of general administration, nor in any way to interfere with the exercise of general jurisdiction by the court of the county where the decedent resided, or had his abode. The residence, or "place of abode," of the decedent in this state, fixes the jurisdiction of the court for the purpose of granting general letters.

It is urged by the appellant that respondent could not have been legally appointed, for the reason that forty days had not elapsed since the decedent's death, during which period a preference right is given to certain heirs and next of kin. We do not think this objection can be raised by appellant, as he does not claim to belong to any of the classes for whom such preference right is provided, except that of

"principal creditors," to which respondent was found to belong. It is also urged that the petition is insufficient, because it did not set forth that there were no other applications for letters pending. We do not think this essential. Certain other defects in the application are suggested, but as the evidence was sufficient to, and did, establish all of the facts necessary, it will be assumed, in the absence of any showing of prejudice to the rights of others, that the application was amended to correspond with the proofs. Appellant claims that, upon the hearing of respondent's application, the court refused to admit in evidence a certified copy of some of the proceedings of the superior court of King county, in the special administration proceeding. This tendered evidence was immaterial, and its exclusion was not error.

Certain other errors are suggested, but it is urged by respondent that no proper exceptions were reserved. The exceptions are insufficient. However, an examination of the matters complained of convinces us that there are no errors which would justify a disturbance of the order and decree of the trial court. The same is therefore affirmed.

MOUNT, C. J., and CROW, J., concur.

FULLERTON, J., concurs in the result.

RUDKIN, J. (concurring)—When a resident of this state dies, I am of the opinion that jurisdiction to appoint either a special or general administrator is vested exclusively in the superior court of the county in which the decedent resided at the time of his death. For this reason I think the appointment of a special administrator by the superior court of King county, under the circumstances stated in the opinion of the court, was without jurisdiction and utterly void. I therefore concur in the judgment.