[No. 1911]

SMITH H. McKIM, Petitioner, *v.* THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, and the HON. W. H. A. PIKE, One of the Judges of said Court, and W. A. FOGG, Clerk of said Court, Respondents.

1. Pleading—Plea in Abatement—Answer.
   Under civil practice act, sec. 39 (Comp. Laws, 3133), providing that the only pleadings on the part of the defendant shall be a demurrer or an answer, and section 44 (section 3139) providing that when any of the matters enumerated in section 40 (section 3135) as grounds of demurrer do not appear on the face of the complaint, the objection may be taken by answer, matters in abatement or bar can only be set up in the answer.

2. Trial—Preliminary Questions—Determination.
   Where the answer raises a question preliminary to the right of the court to determine the merits, it is proper for the court to first determine such matter before considering issues going to the merits.

3. Divorce—Determination as to Jurisdiction—Mode of Review.
   The question raised by defendant in divorce as to the sufficiency of the evidence to establish residence on the part of the complainant can be reviewed only by appeal, and not by original proceedings in the supreme court, seeking to obtain an order requiring the judge of the trial court to show cause why defendant in the divorce should not be permitted to file his plea in abatement.

ORIGINAL PROCEEDING. In the matter of Smith H. McKim against the District Court of the Second Judicial District of the State of Nevada, and others. On a petition praying that respondents be required to permit petitioner to file a certain plea in abatement. **Dismissed.**

The facts sufficiently appear in the opinion.

*James Glynn,* for Petitioner:

I. Jurisdiction of subject of action may be challenged at any time by court of its own motion, by defendant or by stranger to suit.

II. When lack of jurisdiction appears upon face of

record, challenge may be by motion to dismiss or by demurrer.

III.   When such lack of jurisdiction does not appear of record, it can be reached before joinder of issue only by plea in abatement.   (*Gregg* v. *Sumner*, 21 Ill. App. 110.)

IV.   The question of jurisdiction of subject-matter of action is quite apart from the merits—especially in a divorce action under our statute.   Facts constituting jurisdictional prerequisites may be traversed without considering facts plead as cause of action, and, if traversed in advance of issue upon merits, should be determined before issue as a matter of justice to the court as well as the defendant.   If traverse is predicated upon what appears of record, courts never refuse to consider by motion to dismiss.   How much more should they do so if showing be made of an attempt to impose upon the court's jurisdiction by false allegations of jurisdictional prerequisites.   (*Sommers* v. *Sommers* (divorce case), 16 Bradwell (Ill. App.) 76.)

V.   Residence, which signifies such *bona fide* residence as amounts to legal domicile, is a jurisdictional prerequisite under Comp. Laws, 502, and failing to appear action should be dismissed.   If made to falsely appear, it becomes an attempted fraud upon the court—and that fact should be permitted to be shown before issue, to the double end that (1) the court may prevent the imposition, and (2) the defendant may be spared the manifest injustice of being required to proceed to a hearing that will represent much of annoyance, loss of time and expense which can never be included in a cost bill.

VI.   Divorce proceedings are recognized as being *sui generis*.   This is especially true under statutes like ours, providing for a purely conditional jurisdiction (Comp. Laws, 502) and a special method of service upon nonresidents (Comp. Laws, 503).   A clear recognition of this is to be found in the holding of this court to the effect that "the law of marriage and divorce, as administered by the ecclesiastical courts, is a part of the common law of this

country, except as it has been altered by statute." (*Wuest* v. *Wuest*, 17 Nev. 217.)

VII.   A plea in abatement is the recognized method of disclosing a lack of jurisdiction of the subject of the action, and that before joinder of issue. (*Coonis Com. Co.* v. *Block*, 130 Mo. 668; *Welling* v. *Beers*, 120 Mass. 548; *Livingston* v. *Story*, 11 Pet. 392; Ency. Pl. & Pr. p. 4; *Winter* v. *Union Pkg. Co.*, 93 Pac. 930; *Wells* v. *Patton*, 50 Kan. 732; *Bailey* v. *Schrader*, 34 Black (Ind.) 260; Sutherland Code P. & P., vol. 1, secs. 460–559; *Hoppwood* v. *Patterson*, 2 Or. 50; *Or. Cent. Ry.* v. *Wait*, 3 Or. 428; *Fairbanks* v. *Woodhouse*, 6 Cal. 434; *Small* v. *Gwinn*, 34 Cal. 676; *Preston* v. *Culbertson*, 58 Cal. 198.)

VIII.   A resort to a plea in abatement for the purpose of disclosing lack of jurisdictional prerequisites in advance of issue is authorized by Comp. Laws, 3095, in that it is neither repugnant to nor in conflict with the general provisions of the practice act, for the reason that they leave us provisionless in such an exigency.

IX.   But if some latitude were needed to permit the resort to a plea in abatement in such case, by reason of the provisions of the practice act as to pleadings, it should certainly be found to be authorized by Comp. Laws, 506, by the terms of which it is most manifest that the legislature recognized that with this *sui generis* class of actions the "proceedings, pleadings and practice" could not be expected to conform exactly to the general rules governing ordinary actions.

X.   Moreover, the concluding clause of the section (Comp. Laws, 506): "But all preliminary and final orders may be in such form as will best effect the object of this act, and produce substantial justice," clearly contemplates all needed latitude in respect to the determination of so important a preliminary question as the existence of the prescribed statutory jurisdictional prerequisites.

XI.   The "substantial justice" which is to be conserved under the provisions of Comp. Laws, 506, will not permit the status of the defendant to be lost sight of.   He is shown to be a resident of the State of New York, where

the facts alleged in the complaint do not constitute a ground for divorce.  By constructive service he is made a party to an action in this state for the purpose of adjudicating his matrimonial relation under laws more unfavorable to him than the laws of his domicile.  If the wife has not acquired a legal domicile in Nevada, her domicile remains by operation of law that of her husband's and the courts of New York alone have jurisdiction of their matrimonial relation.  Surely "substantial justice" in such a situation will require a preliminary examination and determination of the *bona fides* of her residence when it is challenged without requiring defendant to change his status in relation to the action by the filing of an answer and submitting personally to the jurisdiction of the court. This can be done in no other way known to the law than by plea in abatement before issue, the absence of jurisdiction not appearing of record, but, as alleged, being concealed by the false allegations of the complaint as to residence.  If in such case the court would dismiss on motion of a stranger (*Haley* v. *Eureka Co. Bank*, 17 Nev. 127; also 112 Cal. 147) in case nonjurisdiction appeared of record, how much more jealous it should be to preliminarily inquire into the facts if a *prima facie* showing be made of an attempt to impose upon the court's conditional statutory jurisdiction?

XII.    The right of the defendant to appear specially for the purpose of such plea to the jurisdiction of the court over the subject of the action is in thorough accord with the recognized principles of special appearances. He is not invoking the jurisdiction of the court and therefore by the principles of estoppel debarred from thereafter denying it; he is rather protesting against that jurisdiction, and, denying the facts alleged to foundation it, asking the court to examine and determine the question before issue. (*Brown* v. *Webber*, 6 Cush. 564–569; *Abbott* v. *Semph*, 25 Ill. 107; *Winter* v. *Union Pkg. Co.*, 93 Pac. 930; *Harkness* v. *Hyde*, 98 U. S. 476; *Walling* v. *Beers*, 120 Mass. 548; *Jones* v. *Jones*, 2 Am. St. 447; *Eberly* v. *Moore*, 24 How. 147; *Wheelock* v. *Lee*, 74 N. Y. 495; *Higgins* v.

*Beveridge,* 55 Minn. 285; *Shubbock* v. *Cleveland,* 5 Am. St. 865; *Merrill* v. *Houghton,* 51 N. H. 61; *Cleghorn* v. *Waterman,* 16 Neb. 226; *Bailey* v. *Schrader,* 34 Black (Ind.) 260; *Sommers* v. *Sommers,* 16 Bradwell (Ill. App.) 77; Sutherland Code P. & P., vol. 1, sec. 1101, p. 683.)

XIII. Where special appearance is sought for purpose of attacking jurisdiction of the subject of the action, permission of court should be first obtained:—not only as a matter of good practice, but on principle. (1 Dan. Chan. Prac., star p. 538; *Wright* v. *Boynton,* 72 Am. Dec. 320.)

XIV. Provisions of section 3594 as to what shall constitute appearance held in California to be exclusive; hence any other form of appearance necessary not general but special. (*Voorman* v. *Li Po Tai,* 113 Cal. 302; *Powers* v. *Braley,* 75 Cal. 237.)

XV. Even if the authorities were not abundant justifying a special appearance for the purpose of attacking jurisdiction of subject of action, such right would surely arise under the liberal provisions of Comp. Laws, 506, in view of the *sui generis* character of the action both as to jurisdiction and service upon nonresidents.

XVI. It should be borne in mind that a very different rule prevails where the special appearance is for the purpose of challenging the jurisdiction of the person of the defendant from that recognized where the challenge is directed to the jurisdiction of the subject of the action. Also there is good reason for differentiating the special appearance of one out of the state constructively served from that of one within the state personally served in this *sui generis* class of cases where such special appearance is for the sole purpose of challenging jurisdiction of the subject of the action.

XVII. Remains then the sole question: Did the action of the district court in this case amount to the denial to the defendant of a right to which he is entitled as a matter of law, viz: the right to have his challenge to the jurisdiction of the subject of the action entertained and determined prior to joinder of issue upon the merits? If the action of the district court amounted to that, or

was tantamount to that, then he has been denied a legal right, whatever the form of his application or the nature of the court's decision.

It boots nothing to say that this application for a writ is premature because the petitioner has not tendered his plea for filing and been refused; or that this court in granting the writ would be reversing a decision of the court below.

The application below was for permission to appear specially for the purposes of the plea. The court's decision was to the effect that the defendant could not appear specially for that or any other purpose. The effect of the decision was to deny the defendant the right to challenge the court's jurisdiction of the subject-matter before issue upon the merits.

The plea in abatement could not have been filed in connection with a special appearance after that decision; and if it had been so filed, if it had not amounted to a contempt, permission therefor having been denied, it would have been a useless thing to do when it appears certain from the court's decision that it would have been stricken upon motion. (*Gamble* v. *District Court*, 27 Nev. 233.)

And here, too, the latitude of the rule of Comp. Laws, 506, should prevail, if it should be necessary to invoke it, to the end that "substantial justice" may be attained, in that petitioner has made an effort in good faith and with all proper regard for the rights of both the court and the adverse party to exercise what he claims to be a plain legal right. No technical objection to the issuance of the writ should be regarded if the right be his in law and the action of the court was tantamount to a denial of it.

XVIII.   A writ of mandate will issue to compel the performance of an act which the law enjoins, or to compel the admission of a party to a right to which he is entitled.   (Comp. Laws, 3542.)

The writ will not run to compel an inferior tribunal how to act, but will run to compel it in this case to enter-

tain the challenge to jurisdiction and determine the question of the *bona fides* of plaintiff's residence involved therein on the basis of a special appearance. (*Treadway* v. *Wright*, 4 Nev. 119; *Cavanaugh* v. *Wright*, 2 Nev. 166; *State* v. *Murphy*, 22 Nev. 77; *State* v. *Murphy*, 19 Nev. 89–94; *Floral Spring Water Co.* v. *Rives*, 14 Nev. 431; *State* v. *Wright*, 10 Nev. 167–175; note, 98 Am. St. Rep. 890; *Wright* v. *Mesnard*, 63 N. W. 1000; *Pros. Atty.* v. *Rec. Court* (Mich.), 26 N. W. 694; *Brown* v. *Cir. Judge* (Mich.), 42 N. W. 826.)

*Boyd & Salisbury* (*Horatio Alling*, of counsel), for Respondents.

By the Court, Norcross, C. J.:

An action for divorce was instituted by Margaret E. McKim, as plaintiff, against Smith H. McKim, as defendant, in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, before Honorable W. H. A. Pike, district judge. The said defendant, petitioner herein, through his attorney, James Glynn, served notice upon the plaintiff, Margaret E. McKim, that upon a time certain he would move the said district court for an order permitting him to appear specially in the action for the purposes of filing a plea in abatement, raising the question of the jurisdiction of the said district court to try the action for divorce, upon the ground that the plaintiff, the said Margaret E. McKim, was not at the time of the filing of her complaint, nor for six months immediately prior thereto, nor at all, a *bona fide* resident of the said county of Washoe or of the State of Nevada, as alleged in her complaint. The motion came on regularly to be heard and was denied by the court.

The said defendant has instituted this original proceeding in this court and prayed for an order requiring the respondent to appear and show cause why the plaintiff should not be permitted to file his said plea in abatement, and to appear specially for such purpose; and further, that the said district court be restrained from rendering a default in said action against said defendant, and from

proceeding further to try the said action upon the merits thereof, or to render any judgment therein upon the merits, until the further order of this court.

It is not entirely clear from the face of the petition whether counsel regards this proceeding as one in *mandamus* to compel the trial court to permit him to appear specially and to file his plea in abatement, or one in prohibition to prohibit the court from further proceeding, until the defendant is permitted to file such plea. We think it may seriously be questioned whether the proceeding in this court may be regarded as an application for either of such writs. The petition, however, presents a question of considerable importance and we prefer to determine it upon the merits, rather than upon a mere technicality of procedure.

Our civil practice act provides:

"SEC. 37. All the forms of pleadings in civil actions, and the rules by which the sufficiency of the pleadings shall be determined, shall be those prescribed in this act. (Comp. Laws, 3132.)

"SEC. 39. The only pleadings on the part of the plaintiff shall be the complaint, or demurrer to the defendant's answer; and the only pleadings on the part of the defendant shall be the demurrer, or the answer. (Comp. Laws, 3133.)"

Section 40 of the civil practice act (Comp. Laws, 3135) enumerates the grounds of demurrer to the complaint.

Section 44 of the act (Comp. Laws, 3139) provides: "When any of the matters enumerated in section forty do not appear upon the face of the complaint, the objection may be taken by answer."

Our practice act does not permit the filing of a plea in abatement as a pleading separate or distinct from the answer. Matters in abatement or in bar may only be set up in the answer.

Bliss on Code Pleadings, 345, says: "In common-law pleadings we have the rule that 'pleas must be pleaded in due order'; that is, the dilatory pleas must be first made and disposed of, to be followed by pleas in bar.

The code requires the defendant either to demur or answer, and in his answer he is allowed to set up as many defenses as he may have. Only one answer is contemplated, and all the defenses which he elects to make must be embraced within it. Matter in abatement is as much a defense to the pending action as matter in bar, and to say that the defendant may reserve the latter until a trial shall have been had upon the issues in regard to the former would interpolate what is not in the statute—would be inconsistent with its plain and simple requirements."

Sutherland on Code Pleadings, vol. 1, sec. 459, says: "Pleas, by that name, are unknown to the code. The only pleadings, on the part of the defendant, are demurrer and answer.   *   *   * "

See, also, *Preston* v. *Culbertson*, 58 Cal. 198; *Wells* v. *Patton*, 50 Kan. 732, 33 Pac. 15.

The defendant, petitioner herein, may set up in his answer such defenses to plaintiff's alleged cause of action as he may have..  It is well settled in states having a code procedure like ours, that the defendant only has two pleadings, a demurrer to the complaint, and an answer. Where the answer raises a question which is preliminary to the right of the court to determine the merits of the action, the better procedure would be for the trial court to determine it first before proceeding to consider the issues which go to the real merits of the action.

It is the duty of courts in divorce proceedings to see that the proof of residence is clear and convincing, and that a fraud is not being perpetrated upon the court. (*Phillips* v. *Welch*, 11 Nev. 187.) Having attempted to attack the validity of the plaintiff's residence, although in a manner not recognized by our procedure, the trial court will doubtless permit the defendant a reasonable opportunity to file an answer in the case. A question as to the sufficiency of the evidence to establish residence upon the part of the complainant in a divorce proceeding must be taken by appeal, and not by original proceeding.

(*People* v. *Surrogate's Court,* 36 Hun, 218; *People* v. *Surrogate of Putnam,* 16 Abb. N. C. 241; *Preston* v. *Trust Co.,* 94 Ky. 295, 22 S. W. 318; *State* v. *Superior Court,* 11 Wash. 111, 39 Pac. 818.)

This proceeding is dismissed.