[No. 12865.   Department Two.   June 25, 1915.]

THE STATE OF WASHINGTON, *on the Relation of Fred T. Neal, as Administrator etc., Plaintiff*, v. RALPH KAUFFMAN, *Judge etc., Respondent.*[1]

PROHIBITION—TO COURTS—JURISDICTION—REMEDY BY APPEAL. An order of the superior court in probate, upon due application and notice, admitting a will to probate, is a final order determining the alleged jurisdictional residence of the deceased in that county, from which an appeal could have been taken; hence prohibition does not lie to prevent the court from proceeding in the matter on the ground that the court was without jurisdiction because the deceased resided at the time of his death in another county.

CERTIORARI—TIME FOR APPLICATION. An application for a writ of certiorari must be made within the time for taking an appeal.

Application filed in the supreme court May 22, 1915, for a writ of prohibition to the superior court for Kittitas county, Kauffman, J., to restrain the exercise of jurisdiction in probate. Denied.

*F. K. P. Baske*, for plaintiff.

*Hovey & Hale*, for respondent.

ELLIS, J.—This is an application for a writ of prohibition to restrain the respondent, as judge of the superior court of Kittitas county, from assuming or exercising jurisdiction over the estate of James Watson, deceased, on the ground that the deceased was not a resident of that county at the time of his death. The application recites, that the respondent has al-

[1] Reported in 149 Pac. 656.

ready assumed jurisdiction of the estate and is attempting to probate the same; that James Watson was a resident of Okanogan county at the time of his death, and owned property both in that county and in Kittitas county; that he died in Okanogan county about October 1, 1913, and that the relator was, on petition and notice, regularly appointed as administrator of the estate by the superior court of Okanogan county on May 6, 1915. The proceedings in Okanogan county are not set out, nor does it appear upon whose petition the relator was appointed. An alternative writ was issued by this court, and the matter is now here upon the application and affidavits in support thereof and the respondent's answer and return thereto.

The answer and return alleges, that James Watson died in Okanogan county, Washington, on October 16, 1913, leaving a nonintervention will of all his property, the larger part of which was located in Kittitas county; that his brother, Benjamin F. Watson, then a resident of San Francisco, California, and one James Ramsay of Ellensburg, Kittitas county, Washington, were named in the will as executors to serve without bonds; that, at the time of the testator's death, the brother was not prepared to remove to this state, and James Ramsay was temporarily absent from this state; that, on the petition of Benjamin F. Watson, one D. W. S. Ramsay, of Ellensburg, Kittitas county, Washington, after notice as required by law, and after full proof of the execution of the will by the testimony of the subscribing witnesses thereto and its admission to probate, was appointed as administrator of the estate with the will annexed, on November 11, 1913, by the superior court of Kittitas county, and on November 13, 1913, qualified as such by giving the bond in the sum of $40,000 as fixed by that court; that, in the order, the court found and adjudged that James Watson was, at the time of his death, a resident of Kittitas county, Washington, and left an estate therein; that notice to creditors was immediately published, and the year for presenting

claims against the estate expired on November 20, 1914; that the administrator caused the estate to be appraised on December 15, 1913; that in May, 1914, both of the executors named in the will took up their residence in Kittitas county, Washington, and the administrator with the will annexed made a full report of his actions touching the estate and was discharged, and all of the property belonging to the estate was turned over to the executors named in the will; that, on November 30, 1914, the executors paid the inheritance tax due from the estate to the state of Washington, and that there is now no further occasion for probate proceedings in connection with the estate.

All of these allegations touching the probate proceedings in the superior court of Kittitas county are substantiated by a certified transcript of the proceedings from the probate records of that county, which is attached to and made a part of the respondent's return and answer. It is further alleged that an action has been commenced in the superior court of Kittitas county by an Indian woman known as Margaret Watson, with whom the testator resided from time to time before his death and who was provided for in his will, seeking to establish that she was the wife of the decedent and to have the property belonging to the estate adjudged to be community property of herself and the decedent; that the action was commenced on December 8, 1914, more than a year after the will was probated, and is now set for trial.

The statute governing the probate of estates, Rem. & Bal. Code, § 1284, provides:

"Wills shall be proved and letters testamentary or of administration shall be granted,—1. In the county of which deceased was a resident or had his place of abode at the time of his death; . . ."

The relator contends that this statute makes residence in the county jurisdictional and is mandatory, and that, upon the showing made by his petition and affidavits in support

thereof that the decedent at the time of his death resided in Okanogan county and not in Kittitas county, a permanent writ of prohibition should issue restraining the superior court of the latter county from further proceedings in the premises.

For the purpose of this case, it may be conceded that the superior court of the county where the decedent resided at the time of his death has, under the statute, exclusive jurisdiction to administer the estate and to issue general letters thereon. This court so held on an appeal in the case of *Stern v. Sill*, 39 Wash. 557, 81 Pac. 1007, without referring to the earlier decision in *Higgins v. Nethery*, 30 Wash. 239, 70 Pac. 489, in which it was held that the residence of the decedent is not a jurisdictional fact under this same statute. But conceding the correct rule to be as stated in the later case of *Stern v. Sill*, it does not follow that prohibition is the proper remedy in this case. Where the right of a court to take jurisdiction of a given case is dependent on a given fact, the determination of that fact, like any other question of fact, is referred in the first instance to the trial court. It is a fact which that court must determine *in limine* in every case. That court of necessity has original jurisdiction to determine that fact. Its decision on that question of fact is reviewable in this court only by appeal or certiorari. In the absence of an appeal or an application for a writ of review, its decision is conclusive. *State ex rel. Baldwin v. Superior Court*, 11 Wash. 111, 39 Pac. 818; *Davison v. Davison*, 100 Mo. App. 263, 73 S. W. 373; *McDonnell v. Farrow*, 132 Ala. 227, 31 South. 475.

"To grant letters on the estate of a deceased person the probate court must find as a fact, and thus judicially determine, that the deceased had his domicile in the county or territorial district over which the jurisdiction of the court extends (or if a non-resident of the state, that he left property there), for otherwise the court would have no jurisdiction to grant letters, or take probate of a will. It was formerly held in many states, that notwithstanding this finding

and adjudication by the court, proof might be made in a collateral proceeding showing that such finding and adjudication was erroneous, and that as a matter of fact the decedent was at the time of his death domiciled in a different county; and that in such case the grant of letters was void *ab initio* for the want of jurisdiction. But the more reasonable doctrine is gaining ground, and is now held in nearly all the states, that letters so granted, while they are voidable when properly assailed, are valid until revoked in a direct proceeding." Woerner, American Law of Administration (2d ed.), § 204, p. 470.

This last stated rule is especially applicable in this state where, both by constitution and by statute, the superior court, a court of general jurisdiction and as part of that jurisdiction, has cognizance of all matters of probate, with power to exercise all of the inherent functions of a court of general jurisdiction in disposing of such matters. Const., art. 4, § 6; Rem. & Bal. Code, § 1278 (P. C. 409 § 1); *State ex rel. Keasal v. Superior Court*, 76 Wash. 291, 136 Pac. 147; *In re Williamson*, 75 Wash. 353, 134 Pac. 1066; *Sloan v. West*, 63 Wash. 623, 116 Pac. 272; *In re Sall*, 59 Wash. 539, 110 Pac. 32, 626, 140 Am. St. 885; *Reformed Presbyterian Church v. McMillan*, 31 Wash. 643, 72 Pac. 502; *Filley v. Murphy*, 30 Wash. 1, 70 Pac. 107. The final decision of the superior court in matters of probate, made upon statutory notice, is conclusive when unappealed from, and cannot be collaterally attacked. *In re Ostlund's Estate*, 57 Wash. 359, 106 Pac. 1116, 135 Am. St. 990; *Alaska Banking & Safe Deposit Co. v. Noyes*, 64 Wash. 672, 117 Pac. 492.

In the case before us, the order of the superior court of Kittitas county admitting the will to probate and issuing letters thereon with the will annexed, as shown by the answer and return to the alternative writ, which return is not controverted by the relator in that particular, expressly determined the jurisdictional fact of the residence of the decedent in Kittitas county upon a petition alleging that fact as required by the statute. Rem. & Bal. Code, § 1390 (P. C.

409 § 175), and upon a hearing pursuant to notice given by the clerk of that court as required by statute, Rem. &. Bal. Code, § 1392 (P. C. 409 § 179). This order was entered on November 11, 1913. It was a final order disposing of the jurisdictional question of residence and was hence an appealable order. *State ex rel. Warren v. Ayer*, 17 Wash. 127, 49 Pac. 226. In the following cases, orders cognate to that here in question have been held final and appealable under Rem. & Bal. Code, § 1716, subd. 6 (P. C. 81 § 1183), in that they finally determined substantial rights. *State ex rel. Keasal v. Superior Court, supra; In re Martin's Estate*, 82 Wash. 226, 144 Pac. 42. In the following cases, appeals from orders disposing finally of substantial rights in the course of administration were entertained without question. *Clancy v. McElroy*, 30 Wash. 567, 70 Pac. 1095; *In re Belt's Estate*, 29 Wash. 535, 70 Pac. 74, 92 Am. St. 916. Clearly the order of the superior court of Kittitas county determining the fact of residence of the decedent within that county at the time of his death was a final order determining a question of fact within its jurisdiction to determine, and reviewable in this court on appeal or by certiorari. It follows that prohibition will not lie. Upon the application for such a writ, we cannot try that question of fact upon affidavits, nor review the finding of the trial court. *State ex rel. Warren v. Ayer, supra.*

"The writ of prohibition will not be issued as of course, nor because it may be the most convenient remedy. Nor will it be allowed to take the place of an appeal, or perform the offices of a writ of review." *State ex rel. Lewis v. Hogg*, 22 Wash. 646, 62 Pac. 143.

See, also, to the same effect, *State ex rel. Baldwin v. Superior Court*, 11 Wash. 111, 39 Pac. 818; *State ex rel. Vincent v. Benson*, 21 Wash. 571, 58 Pac. 1066; *State ex rel. Cann v. Moore*, 23 Wash. 115, 62 Pac. 441; *State ex rel. Foster v. Superior Court*, 30 Wash. 156, 70 Pac. 230, 73 Pac. 690; *State ex rel. Stetson & Post Mill Co. v. Superior Court*,

32 Wash. 498, 73 Pac. 479; *State ex rel. Twigg v. Superior Court*, 34 Wash. 643, 76 Pac. 282; *State ex rel. Goupille v. Superior Court*, 41 Wash. 128, 82 Pac. 14; High, Extraordinary Legal Remedies, § 772.

In *State ex rel. Baldwin v. Superior Court, supra*, a case in which the very question here involved was presented, this court said:

"Writs of this kind are only issued to inferior courts when they are proceeding without, or in excess of, their jurisdiction. Hence, it is only necessary for us to determine as to whether or not the superior court of King county would have jurisdiction to proceed with the administration of the estate of said Lena Shay Baldwin, upon any state of facts which such court would be warranted in finding from the proofs offered or to be offered in the proceeding. If the jurisdiction depends upon a question of fact, the court in which such question is presented must be allowed to determine that fact like any other; and if it commits error in so doing, such error can be corrected on appeal. Hence it will furnish no foundation for a writ of prohibition. . . .

"If the superior court has found, or does find, as a fact, that Lena Shay Baldwin was at the time of her death a resident of Seattle, it has a right to proceed with the administration of her estate; and the remedy for such finding, if erroneous, is by appeal. Unless appealed from, such finding would become conclusive so far as the courts of this jurisdiction are concerned. In each jurisdiction the fact of residence must be decided, and such decision will be conclusive upon the courts of that jurisdiction, and will determine the status of property situated therein."

In *State ex rel. Warren v. Ayer, supra*, another analogous case, this court said:

"A sufficient petition therefor having been made, calling upon the court to determine the matter of its jurisdiction, and the court having granted the petition, it necessarily followed that the court determined that it had jurisdiction. If said court thereafter saw fit to again enter upon the question of jurisdiction in considering the application for the appointment of a general administrator, as it did. do when the question of fact was tried, the relator's remedy, if he had

any, was· by ·an ·appeal·therefrom ; for it ·is eviden't that a writ of prohibition· could not bring that question of fact up for determination here, it being one to be tried upon the evidence."

The case before us presents even stronger reasons for refusal of the writ than those found in either of these cases. The probate· of· the estate was·assumed by the superior court of Kittitas county upon an order finding every jurisdictional fact. The administration has now proceeded in all respects regularly for almost fifteen months. Notice as required by law, as shown by the transcript of the proceedings, has been given of every step. There is no allegation or claim that any person in any manner interested, or claiming an interest in the estate, has not had actual knowledge of the proceedings from the beginning. These, at whose instance relator has been appointed as administrator by the superior court of Okanogan county, have mistaken their remedy. ·They should have appeared and· objected to the jurisdiction of the superior court of Kittitas county in the first instance, making the showing in that court which, so far as indicated by anything before us, they are now seeking to make for the first time in this court. They would then have been in a position to appeal, or if they believed an appeal inadequate, to apply to this court for a writ of review. *Stern v. Sill, supra.* Failing this course, they might have moved in the original proceedings in the superior court of Kittitas county at any time within a year from the entry of the order of probate, to set it aside, and in case of a refusal might have appealed from· or applied for a writ· of review ·of the order of denial. *State ex rel. Baldwin v. Superior Court, supra.*

Though in a proper case, and where the showing brings up the entire record and evidence upon which a trial court has acted, we will treat an application for prohibition as one for a writ of review, we could not do so in this case even if the evidence upon which the superior court of Kittitas county acted were before us. The time for taking an appeal from a

final order affecting a substantial right in a civil proceeding is ninety days (Rem. & Bal. Code, § 1718 [P. C. 81 § 1187]), and if for any reason an appeal would be inadequate, certiorari will lie, but the application for the writ must be made within the time for taking an appeal. *State ex rel. Keasal v. Superior Court, supra.*

The temporary writ must be quashed and the permanent writ denied. It is so ordered.

MORRIS, C. J., MAIN, FULLERTON, and CROW, JJ., concur.