[No. 16870. Department One. July 13, 1922.]

## A. MOE, *as Administrator etc. et al., Appellants,* v. EDWARD JUDD *et al., Respondents.*[1]

EXECUTORS AND ADMINISTRATORS (21)—APPOINTMENT—COLLATERAL ATTACK. The appointment of an administrator by a court of competent jurisdiction is not void for failure of the administrator to file a bond, and the appointment cannot be collaterally attacked on that ground in an action by the administrator to recover property of the estate.

SAME (16-1)—APPOINTMENT—BOND—VALIDITY. Under Rem. Comp. Stat., § 1443, providing that want of form shall not invalidate a bond in probate, an administrator's bond is not invalidated by an incorrect title as to the court.

SAME (16)—APPOINTMENT—PETITION. An erroneous caption in the title of the petition giving the wrong county, does not invalidate the appointment of an administrator.

SAME (16-1)—APPOINTMENT—OATH—SUFFICIENCY. Omission of the caption in an administrator's oath is immaterial where there was a sufficient identification.

ABATEMENT AND REVIVAL (25)—PARTIES (46)—SURVIVAL OF ACTIONS—RIGHTS OF DISTRIBUTEE—SUBSTITUTION. Under Rem. Comp. Stat., § 193, providing that no action shall abate "by . . . the transfer of any interest therein," upon the final discharge of an administrator, the distributee is entitled to be substituted as plaintiff in a pending action to recover property of the estate.

Appeal from a judgment of the superior court for King county, Brinker, J., entered May 19, 1921, upon findings in favor of the defendants, dismissing an action to recover property belonging to the estate of a decedent, tried to the court. Reversed.

*S. F. McAnally,* for appellants.

*J. W. Russell* and *Edward Judd,* for respondents.

FULLERTON, J.—On December 19, 1919, Mabel Augusta Moe, then a resident of Seattle, King county,

[1] Reported in 208 Pac. 82.

Washington, died intestate, leaving an estate in the county named, consisting of a community interest in personal property. She was the wife of the appellant Olaf Moe, he being the sole heir at law of Mrs. Moe. Moe was a seafaring man, and at the time of Mrs. Moe's death was at a distant seaport. Learning of his wife's death some days after its occurrence, he sent a telegram addressed to the appellant A. Moe, requesting that A. Moe be appointed administrator of his wife's estate. On December 26, A. Moe filed a petition in the superior court of King county asking that he be appointed such administrator. The petition contained the necessary jurisdictional averments, and was regular in form, save that it was entitled as of the superior court of Pierce county instead of as of the superior court of King county. On the filing of the petition, the court entered an order appointing the petitioner as such administrator, and directed that letters of administration be issued to him on his filing a bond in the sum of $100 with sufficient surety, conditioned as provided by law, and upon his taking and subscribing to the oath required in such cases. The bond and oath were executed and filed on the same day, the bond being approved by the judge of the court. The bond was regular in form, save that it likewise bore the caption of the superior court of Pierce county.

Certain personal property claimed by the estate was, at the time of the appointment of Moe as administrator, in the possession of the respondents Judd. The administrator Moe and Olaf Moe, joining as plaintiffs, brought the present action to recover the property, or its value in case delivery thereof could not be had. In the complaint the death of Mrs. Moe, the appointment of A. Moe as administrator of her estate, ownership of the property, and other facts tending to show a right of

recovery, were alleged. The respondents demurred to the complaint on the grounds of a misjoinder of parties plaintiff and of insufficient facts to constitute a cause of action. The demurrer was overruled, whereupon the respondents answered, denying the appointment of Moe as administrator, and denying ownership of the property in the appellants, and by way of an affirmative defense alleged ownership and right of possession of the property in themselves. The allegations of the affirmative answer were put in issue by a reply.

Between the time the cause was put in issue and the time it was called for trial, A. Moe filed his final account with the estate. After due notice and hearing, the account was approved, the property of the estate distributed, and A. Moe discharged as administrator. In the decree of distribution the property here in question was awarded to the appellant Olaf Moe.

Thereafter the cause came on for trial before the court sitting without a jury. At the trial the appellants introduced the probate record as part evidence of their title. On the introduction of these records, the respondents challenged the right of the appellants to sue. The appellants thereupon asked leave to substitute the appellant Olaf Moe as the sole plaintiff, which application the court denied, denying also the challenge of the defendants. The respondents then challenged the sufficiency of the evidence to sustain a judgment in favor of the plaintiffs. This challenge the court sustained, making the following findings of fact:

"I. That on the 27th day of December, 1919, the superior court of the state of Washington for King county, entered an order appointing A. Moe administrator of the estate of Mabel Augusta Moe, deceased, then pending in said court, and among other things in said order it was provided that the said A. Moe

should file a proper bond in the sum of one hundred dollars as such administrator; that said A. Moe did not and never has filed a valid bond in such estate as administrator thereof, and is not a duly qualified administrator of such estate.

"II.    That on the 8th day of March, 1921, the superior court of the state of Washington, for King county, assumed to enter an order in estate of Mabel Augusta Moe, deceased, then pending therein by which said order said court discharged A. Moe, supposed administrator of said estate, as such administrator.

"III.    That the plaintiff Olaf Moe did not have any legal title to, nor right to the dogs described in the complaint herein and had no right to bring any action in this cause to assert title to the same."

As conclusions of law it found:

"I.    That the said A. Moe was not and is not a duly appointed and qualified administrator of the Estate of Mabel Augusta Moe, deceased, and had no capacity as such to bring or maintain this action.

"II.    That when the superior court of the state of Washington, for King county, entered an order discharging said A. Moe as administrator of the estate of Mabel Augusta Moe, deceased, this action abated.

"III.    That Olaf Moe had not title to the property described in the complaint herein which would vest in him any cause of action to bring a suit for or concerning the same.

"IV.    That this action should be dismissed at plaintiffs' costs."

Judgment was thereupon entered dismissing the action, with costs against the plaintiffs in the action. This appeal is from the judgment so entered.

It is at once apparent that the judgment cannot rest on the ground upon which the trial court placed it. The respondents are making a collateral attack on the probate proceedings. The superior court of King county sitting in probate had jurisdiction over the property of the decedent and the person of the admin-

istrator, as well as jurisdiction over the subject-matter of the proceedings. Letters of administration were actually issued, and the person to whom they were issued duly administered upon the estate, procuring a final decree of distribution. Under these circumstances, the proceedings would not have been void had no bond at all been given, and not being void are not subject to collateral attack.

But the statute aids this particular case. In the probate code (Rem. Comp. Stat., § 1443) it is expressly provided that, "No bond required under the provisions of this chapter, and intended as such bond, shall be void for want of form, recital or condition; nor shall the principal or surety on such account be discharged, but all the parties thereto shall be held and bound to the full extent contemplated by the law requiring the same, to the amount specified in such bond. . ."

The failure of the bond to correctly entitle the court in which the proceedings were pending is no more than mere want of recital and is rendered valid by this statute.

The respondents, however, urge other objections to the proceedings, contending that the matters objected to render the proceedings void. The first is the matter before mentioned, namely, that the petition for the appointment of the administrator bears the caption of the court of Pierce county, instead of the county of King. But we cannot conceive this to be a fatal defect. The petition was filed in the court of King county and that court treated it as a proper petition and acted upon it as such. Moreover, in its order appointing the administrator, the court found the necessary facts to exist which authorized it to assume jurisdiction. The superior court sitting in probate evidently treated the

matter as an inconsequential error, and we so regard it. As supporting this view, the case of *Stern v. Sill*, 39 Wash. 557, 81 Pac. 1007, may be consulted.

Another objection is that the proceedings are void because the oath filed by the administrator is without caption. But a recital in the oath is, "I am the same person mentioned in the above letters of administration," and the oath appears at one time to have been attached to such letters. This is a sufficient identification even if the fact that the oath was filed in the court as a part of the proceedings of the estate is not such. We are aware that it is said in the respondents' brief that no such letters appear in the files. But in this counsel are mistaken. The statement of facts certified to this court shows a copy of such letters, and shows furthermore that they were offered in evidence at the trial and rejected by the court.

The final objection is that the plaintiffs have no legal capacity to sue. This objection is principally founded on the claim that the administration proceedings are void. Since we conclude otherwise, no notice need be taken of the argument founded thereon. But it is said that, if the probate proceedings were not void, the action abated at the time of the order of the court discharging the administrator. This contention is founded on the claim that the co-plaintiff of the administrator had no interest in the action at the time it was commenced, that the subsequent order of the court awarding him title to the property would not vest in him the right to continue it, and that the administrator's right to continue the action ceased on his discharge as such administrator. But conceding these contentions to be sound, the action nevertheless did not abate. The code provides otherwise. In Rem. Comp. Stat., § 193 [P. C. § 8274], it is provided that

no action shall abate by the death, marriage, or other disability of the party, or by the transfer of any interest therein, if the cause of action survive or continue; but that the court may, at any time within one year thereafter, on motion, allow the action to be continued by or against his representative or successor in interest. The cause of action here survived and continued, and under this section of the statute the distributee of the property in suit, even if it be a correct conclusion that he never has been a party to the action, had the right to have himself substituted as the sole party plaintiff and continue the action in his own name. Nor did he lose his right to be so substituted by entering upon the trial of the action without first applying to be so substituted. Doubtless the better practice would have been to have sought substitution before entering upon the trial, but the court should nevertheless have granted his application at the time objection to his proceeding with the trial was made. It is true, the trial court has something of discretion whether he will grant such an application or not. But where the right is clear, and the substitution will be in the furtherance of justice, it is an abuse of discretion to deny the right.

The judgment is reversed, and the cause remanded with instructions to allow the plaintiff Olaf Moe to be substituted as the sole plaintiff in the action, and to proceed to a trial of the action on its merits.

PARKER, C. J., MITCHELL, HOVEY, and HOLCOMB, JJ., concur.