[No. 27603. *En Banc.* October 21, 1939.]

THE STATE OF WASHINGTON, *on the Relation of Ernest R. Brisbin, Plaintiff,* v. JOHN A. FRATER, *Judge of the Superior Court for King County, Respondent.*[1]

*Chester A. Lesh* (*A. G. Shone* and *H. L. Maury,* of counsel), for relator.

*Rummens & Griffin,* for respondent.

BLAKE, C. J.—This cause comes up on certiorari to review an order of the superior court of King county admitting a will to probate.

[1]Reported in 95 P. (2d) 27.

Lilly Belle Moore died in King county leaving a will in which her sister Candice Angel, a resident of King county, was named as executrix. The will, which was executed in 1935, was entrusted to the custody of George H. Rummens, who, by petition setting up all facts necessary to confer jurisdiction, presented it for probate. When the petition offering the will for probate came on for hearing, two sisters of the deceased, who were beneficiaries under the will, and the relator filed objections on the ground that the court had no jurisdiction to admit the will to probate.

The substance of the objections was that the deceased left no property in King county and was not at the time of her death, and never had been, a resident of the state of Washington. It was stated in the objections that Mrs. Moore's domicile had always been in Silver Bow county, Montana, and that all property of which she died possessed was there situated; that she was an invalid and mentally incompetent; that, although she had been living with her sister in Seattle for four years, she was merely a sojourner in this state. The court declined to hear evidence in support of the objections and entered the order admitting the will to probate.

In this, we think the court erred. For the objectors were entitled to be heard under Rem. Rev. Stat., § 1418 [P. C. § 9934], which provides:

"Any person interested in a will may file objections in writing to the granting of letters testamentary to the persons named as executors, or any of them, and the objection shall be heard and determined by the court."

The procedure followed by the relator has the approval of this court. *State ex rel. Karney v. Superior Court*, 143 Wash. 358, 255 Pac. 376.

It is argued, in support of the order, that,

under the admitted facts, Mrs. Moore had her "place of abode" in King county at the time of her death; that, by reason of that fact, the superior court of that county acquired jurisdiction of her estate under the terms of Rem. Rev. Stat., § 1376 [P. C. § 10014], which provides:

"Wills shall be proved and letters testamentary or of administration shall be granted:

"(1) In the county of which deceased was *a resident or had his place of abode* at the time of his death. . . ." (Italics ours.)

We do not think this argument is sound. Notwithstanding the use of the phrase *"or had his place of abode,"* we do not think the statute can be construed so as to confer upon a superior court jurisdiction of the estate of one dying within its territorial jurisdiction but all of whose property and whose domicile are in another state.

There are two well recognized prerequisites to the jurisdiction of a court to issue letters testamentary or of administration. The first, of course, is death of the person on whose estate letters are to be granted. The second is an alternative: (a) The person must at the time of death reside within the territorial jurisdiction of the court, or (b) leave property therein upon which administration may be had. 11 R. C. L. 84-85; Woerner, American Law of Administration (2d ed.), 470, § 204; *Jeffersonville R. Co. v. Swayne's Adm'r,* 26 Ind. 477; *Langworthy v. Baker,* 23 Ill. 484; *Fletcher's Adm'r v. Sanders,* 7 Dana (Ky.) 345, 32 Am. Dec. 96; *Payne v. Payne,* 239 Ky. 99, 39 S. W. (2d) 205; *Tyer v. J. B. Blades Lumber Co.,* 188 N. C. 268, 124 S. E. 305; *Okfuskey v. Corbin,* 170 Okla. 449, 40 P. (2d) 1064; *Dresser v. Fourth Nat. Bank,* 101 Kan. 401, 168 Pac. 672; *Fridley v. Farmers & M. Savings Bank,* 136 Minn. 333, 162 N. W. 454; *Berry v. Rutland R. Co.,* 103

Vt. 388, 154 Atl. 671; *In re Holden's Estate*, 1 Atl. (2d) (Vt.) 721; *Stern v. Sill*, 39 Wash. 557, 81 Pac. 1007; *State ex rel. Neal v. Kauffman*, 86 Wash. 172, 149 Pac. 656. Under these authorities, the word *"residence,"* as used in the statute, is construed to mean domicile.

Since it was alleged in the objections to the admission of the will to probate that Mrs. Moore was not a resident of King county at the time of her death and left no property therein, the court was bound to hear evidence upon the issues so presented. If both of the alleged facts are established—if she was not domiciled in this state and left no property in King county —the court is without jurisdiction to admit the will to probate. As the record now stands, it is apparent that the order admitting the will to probate was improvidently entered.

The cause will be remanded to the superior court, with directions to set the order aside and take such evidence as may be competent upon the issues presented by the objections of the relator and the heirs of the deceased.

ALL CONCUR.