[No. 15865.  Department One.  August 11, 1920.]

*In the Matter of the Estate of* JOSEPH UTTERS.
ANNA MARSCHALL, *Appellant,* v. F. L. PRESCOTT,
*Administrator etc., Respondent.*[1]

EXECUTORS AND ADMINISTRATORS (4)—APPOINTMENT—RIGHT TO LETTERS—NONRESIDENT HEIRS—JURISDICTION.  The court has jurisdiction to appoint an administrator within forty days after the death of the decedent, where the petition was in proper form and contained all the essentials necessary to give the court jurisdiction under the probate code, Laws of 1917, p. 657, § 62, and there was no surviving wife nor any heirs living within the state and eligible to appointment under Id., p. 663, § 87.

SAME (12)—APPOINTMENT—PREFERRED CLASSES—NOMINEES BY NEXT OF KIN.  The right granted to the next of kin by the probate code, Laws of 1917, p. 656, § 61, subd. 2, is a preference right to appointment as administrator only, and no right is given to nominate another for appointment, such right being given only to the surviving spouse, under Id., subd. 1.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered March 13, 1920, upon findings in favor of the defendant, after a hearing before the court upon conflicting petitions for the appointment of an administrator.  Affirmed.

*King & Kerr,* for appellant.
*F. A. McMaster,* for respondent.

MITCHELL, J.—An appeal has been taken from an order disposing of conflicting petitions for the appointment of an administrator of the estate of Joseph Utters, deceased.  A duly verified petition was filed in the superior court of Spokane county, wherein it was alleged that Joseph Utters died intestate on February 17, 1920, in and a resident of Spokane county, leaving estate in that county; that the next of kin and heir

[1]Reported in 191 Pac. 836.

at law of the deceased was a sister, ——— Marschall, residing in New York; that the petitioner was one of the principal creditors of the deceased, and that the deceased left surviving him no wife or children living within this state. The petition asked for the appointment of F. L. Prescott, of Spokane, as administrator, and that notice of the petition and hearing thereon be given as required by law. Proper notice of hearing the petition was given. Another creditor, by petition, joined in the application for the appointment of F. L. Prescott, who also filed a petition for the appointment of himself as administrator.

Some days later a petition for the appointment of another party, a resident of Spokane, was filed by Anna Marschall, wherein, objecting to the appointment of Prescott, she alleged, among other things, that she was a resident of New York, a sister of the deceased, and that the only other heirs at law of the deceased were certain sisters, nephews and nieces residing in Germany. Other and formal written objections to the appointment of Prescott were filed by her and also by her attorneys, alleging that she had a preference right of appointment which she exercised by her application for the appointment of the party designated in her petition; that forty days had not elapsed after the death of the decedent when the creditor's petition was filed; that the so-called creditor was not a creditor within the terms of the applicable statute, nor entitled to nominate an administrator; and that said Prescott is not a fit and suitable person to act as such administrator.

Later the cause came on for hearing with all the parties present. Renewed objections to the consideration of all the petitions, other than that of Anna Marschall, were overruled and testimony taken. The court entered findings, among other things, to the effect

that the decedent died in, and a resident of, Spokane
county on February 17, 1920, leaving estate therein
consisting of real and personal property; that, at the
time of his death, he was a bachelor, and no father or
mother survived him; that he had no brother or sister,
or survivor of such, living within the state; that said
F. L. Prescott is a resident of Spokane, and for twenty
years immediately preceding the death of said Utters
had full charge of and managed the estate and property
of Joseph Utters as if it was his own, at the request of
said Utters, rendering regularly quarterly statements
of his services, to the satisfaction of said Utters; and
that said Prescott is a proper and suitable person to
act as administrator; that the next of kin and only
heirs at law of the deceased are Anna Marschall, a
sister, of New York city, one nephew residing in New
York city, and certain other named sisters, nieces and
nephews residing in Germany. The court also found
that the party suggested for appointment in the peti-
tion of Anna Marschall was a resident of Spokane and
a proper and suitable party to be appointed adminis-
trator. The court concluded to appoint F. L. Prescott,
and entered a judgment and order upon the findings
and conclusion and appointed him as administrator of
the estate. All of the proceedings, including the order,
were had and made within forty days after the death
of Joseph Utters.

Upon her appeal, Anna Marschall contends that the
court was without jurisdiction to entertain the petition
for the appointment of Prescott within forty days after
the death of the decedent. But we are of the opinion
the contention cannot be maintained. The first petition
filed was in the form prescribed and contained all the
essentials necessary to give the court jurisdiction by
the terms of § 62, ch. 156, p. 657, Laws of 1917, known
as the probate code; and when it appeared, as it did

by the petitions, including the one filed by the appellant, that there was no surviving wife, nor any heir at law eligible to appointment under § 87 of the probate code (Laws of 1917, p. 663), since all of them were nonresidents of the state, a situation was presented that obviated any necessity for a delay of forty days in proceeding to exercise jurisdiction by the appointment of an administrator.

It is further contended that "appellant, having nominated, within forty days, a suitable and competent person as administrator, it was the duty of the court to appoint such nominee". The order of preference in the appointment of an administrator is designated in § 61 of the probate code, Laws of 1917, p. 656. So far as it is material here, it provides:

"(1) The surviving husband or wife, or such person as he or she may request to have appointed.

"(2) The next of kin in the following order: 1, child or children; 2, father or mother; 3, brothers or sisters; 4, grandchildren."

It is to be observed that subd. 1 gives to a surviving husband or wife the right to nominate another for appointment by the court, while subd. 2 is silent upon the subject of any such right on the part of the next of kin. The right accorded the next of kin is a preference to appointment only, in the order named; all of whom are preferred over persons described in subsequent subdivisions of the section; provided, of course, such next of kin are not nonresidents of the state, for in such case they are not qualified, under § 87 of the probate code. A suggestion made by the next of kin of a fit and suitable person for appointment as administrator, while fraught with considerable persuasion, is not controlling in shaping the discretion and judgment of the court making the appointment. In this case there was abundant and convincing evidence to support the selec-

tion of F. L. Prescott to act as administrator. The judgment to that effect, from which the appeal has been taken, will not be disturbed.

Affirmed.

HOLCOMB, C. J., PARKER, MAIN, and MACKINTOSH, JJ., concur.