[No. 16378.    Department One.    October 19, 1921.]

*In the Matter of the Estate of* MATILDA BREDL.[1]

EXECUTORS AND ADMINISTRATORS (10, 13)—RIGHT TO APPOINTMENT —QUALIFICATIONS. The preference right of the husband to appointment as administrator upon the community property upon the death of his wife, under Laws 1917, ch. 156, § 49, is forfeitable for fraud, where he procures his appointment with knowledge of the existence of a will by his wife, but falsely swears there is no will, with the intent of acquiring a greater share of the estate than he would be entitled to under the will.

SAME (13). While the preference right under statute to administer upon an estate is a valuable right, it is not an absolute right, and does not require that the court shall appoint one who has given evidence of dishonesty of purpose in seeking the appointment, or who in other respects has betrayed gross unfitness for the trust.

HOLCOMB, J., dissents.

Appeal from an order of the superior court for Lewis county, Reynolds, J., entered December 6, 1920, revoking letters of administration issued to a surviving husband and appointing another as executor of the estate, after a hearing before the court. Affirmed.

*W. E. Bishop,* for appellant.

*J. H. Jahnke,* for respondent.

FULLERTON, J.—On August 5, 1920, Matilda Bredl died in Lewis county, leaving an estate therein consist-

[1]Reported in 201 Pac. 296.

ing of a community interest in real and personal property, and leaving as her heirs at law her husband, Anton Bredl, and a son by a former marriage, Robert S. Bredl. On August 16, 1920, the husband applied for letters of administration on her estate, averring in his application that due search and inquiry had been made to ascertain whether the decedent had left a will and that none had been found. On the filing of the petition, letters of administration were issued to the applicant. On November 1, 1920, the son brought into court a will of the deceased, in which he was named as devisee of the decedent's interest in the estate, and as executor of the will. He petitioned the court to revoke the letters theretofore issued to the husband, admit the will to probate, and to appoint and confirm him as executor of the estate in accordance with the terms of the will. As grounds for refusing to appoint the husband as executor with the will annexed, he alleged that the husband had been guilty of fraud in procuring his appointment as administrator, in that he had notice and knowledge of the existence of the will at the time he applied for letters of administration and falsely swore that no will existed; and that he had been guilty of fraud in his administration of the estate, in that he had secured a false and fraudulent appraisal of the property of the estate in order to have the same set apart to him as a homestead. The husband contested the petition of the son, but asked as alternative relief, in case the will produced be proven to be the last will and testament of the deceased, that he be appointed as administrator with the will annexed. At the hearing the court revoked the letters issued to the husband, admitted the will to probate and appointed the son as executor of the estate. It made no direct finding on the question of fraud, but found that the husband had

waived his right to be appointed administrator with the will annexed, because he had not applied to be so appointed within forty days after the death of testatrix. The appeal is by Anton Bredl from this order.

On the ground upon which the court rested its judgment it may be doubtful whether the judgment can be sustained. The statute (Laws of 1917, ch. 156, p. 645, § 9) provides that an executor of a will having the will in his custody shall, within forty days after he receives knowledge of the death of the testator or testatrix, either present the will for probate to the court having jurisdiction, or present the will to such court with his written refusal to serve as executor thereof. It was shown that the son had this will in his custody at the time of the testatrix' death, having at all such times knowledge of the death, and did not produce the will into court within the forty-day period. Other things being equal, therefore, the son was as much guilty of a dereliction of duty as was the husband, and since the statute provides (Id., § 49) that a surviving spouse shall be entitled to administer upon community property notwithstanding any provision of the will to the contrary, if he be otherwise qualified, there would appear no very sufficient reason in support of the ground stated for preferring the son to the husband. But we think there was not an equal dereliction and that the judgment of the court is justified on that ground. There is no question that the husband had knowledge of the existence of the will at the time he applied for letters of administration and falsely swore to the contrary, and the evidence hardly leaves it in doubt that he acted with the deliberate intent of acquiring for himself a greater share of the estate than the terms of the will entitled him to acquire. The son was not equally guilty. While he, through ignorance of the requirement of the

statute, withheld the will longer than the statutory time, he made no false oath, nor did he attempt, deliberately or otherwise, to deprive the husband of his rightful share of the property of the estate.

The preference rights given by statute to administer upon an estate, while recognized as valuable rights, are not absolute. To administer an estate is to administer a trust, and the rule of the statute is not so hard and fast as to require the court to appoint one as an executor or administrator who has given evidence of dishonesty of purpose in seeking the appointment, or who has betrayed a gross unfitness in other respects to administer the trust, even though he have the preference right given by the statute. It is no answer to say that the law itself has thrown about the administration its own protection. No law can protect absolutely against dishonesty. In many instances it can do no more than punish, and this is not a recompense to those who have suffered by the dishonesty.

The order is affirmed.

PARKER, C. J., BRIDGES, and MACKINTOSH, JJ., concur. HOLCOMB, J., dissents.