This is a contest over the appointment of an administrator of the estates of John C. Stotts and wife, deceased, he having died on December 10, 1924, subsequent to the date of her death. Upon the application of a judgment creditor, the trial court appointed Frank Dowd, declared to be a suitable disinterested person. The appointment was objected to by Gertrude Loetscher, who, as guardian of two minor children, the only heirs at law of the decedents, petitioned at the same hearing for the appointment of herself as administratrix. She is the mother of the two minor heirs and was the wife of John Stotts, their father, now deceased, who was the son of John C. Stotts and wife. Being aggrieved at the appointment made, she has brought the matter here for our determination.
Her contention is that, although the minors are disqualified to act under § 1457, Rem. Comp. Stat. [P.C. § 9892], nevertheless, because as grandchildren they are designated as having a preference right over creditors to act as administrators, by § 1431, Rem. Comp. Stat. [P.C. § 9947], which prescribes the order in which persons are respectively entitled to administer upon an estate, that therefore she, as their general guardian and in their stead, has the right to the appointment, and that such right is an absolute one. An engaging presentation of this interesting question has been made by respective counsel, but without doubt the statute which prescribes the order in which persons are respectively entitled to administer an estate gives no absolute right, as this court has heretofore determined; while as to the argument that a general guardian stands in the shoes of his ward with respect to the right of appointment, *Page 102 
we find it unnecessary to decide, for the reason that the order of appointment must be affirmed for reasons hereinafter stated.
From the record in this case it appears that the creditor, petitioner in the trial court, heretofore obtained a judgment in a large sum, compared with the apparent value of the estate in probate, against the decedents John C. Stotts and wife, and also against John Stotts, since deceased, and his then wife, the present Gertrude Loetscher, and that no property could be found to satisfy that judgment. It further appears that, on hearing the petitions in the superior court, testimony was submitted on behalf of both parties, which testimony has not been furnished for the hearing before us. However, it has been stipulated by the parties in open court on the argument here that a written opinion and memorandum signed by the trial judge and presented in the record shall serve, in the absence of the evidence, together with other matters and instruments properly of record, as sufficient, and that they shall be considered in our determination of the cause on its merits.
By his opinion, the trial judge found upon the evidence that the judgment in favor of the creditor, who in his petition asked for the appointment of a disinterested person as administrator, was obtained in the superior court of that county in 1919, in the sum of $1,750 and costs; that John C. Stotts and Gertrude Loetscher were named therein among the judgment debtors, and that John C. Stotts had for a long time kept property secreted, having had an interest in property, real and personal, in King county, "and kept the same off the public records all those years since the rendition of the judgment against them." He further found and decided upon the evidence that, if Gertrude Loetscher were appointed administratrix, she *Page 103 
would "hamper and delay the payment of the judgment justly due and would use her office as administratrix in an effort to prevent the judgment creditors from collecting their judgment." That is, she is hostile to the creditors, the collection of whose claims she would hamper and delay, and further, that she would use her office in an effort to prevent any collection or payment to them whatever.
The case of In re Langill's Estate, 117 Wn. 268,201 P. 28 (over the dissent of two other judges and the writer of the present opinion) is decisive of this case. It was a case wherein one who was first in order of those entitled to appointment by the terms of the statute was denied appointment as administrator because of disqualification to act, upon grounds not mentioned in the statute upon that subject. On his appeal the order refusing to appoint him was affirmed. Upon citing the statute, Laws of 1917, ch. 156, p. 656, § 61; Rem. Comp. Stat., § 1431, which prescribes the order in which persons are entitled to appointment, and the statute, Laws of 1917, ch. 156, p. 663, § 87; Rem. Comp. Stat., § 1457, which prescribes who are disqualified to act, the opinion states:
"The appellant contends that these provisions of the statute are mandatory; that the enumeration of certain disqualifications by the statute precludes the idea that other disqualifications may exist; and that, in determining who may be appointed as an executor or administrator, the courts are without power or right to adjudge a person disqualified on grounds which the statute does not make disqualifications."
Then, answering that argument and construing the statutes, it was decided, as follows:
"We are unable to agree with these contentions. The statute, while it defines certain things as disqualifications, does not say in terms, nor do we think by necessary implication, that there shall be no other. The *Page 104 
purpose of administration is to preserve the estate and cause it to pass to the heirs and distributees without waste or loss, and without undue delay. In appointing an administrator the court acts judicially, not ministerially, and it is as much its judicial duty to guard an estate against possible waste and loss as it is to take action against waste and loss after it has occurred. It is true that the right to administer an estate is a valuable right. But, to paraphrase the language of Mr. Justice Woods in Ex parte Small, 69 S.C. 43, 48 S.E. 40, no right is arbitrary or unqualified by a correlative right. The right of those interested to have an estate administered and distributed in accordance with law is the dominant right; the right of any particular person to administer the estate is a secondary right. When the allowance of the claim to exercise this secondary right may result in defeating the primary right, it should be refused.
"It may be that our conclusion trenches upon the weight of judicial authority. But the cases, for the greater part, are based upon and follow the rigid rules of the common law. In this state, the administration of estates is wholly statutory, and we feel free to give the statutes that construction which in our judgment will best accord with their purpose and spirit."
In a broad sense, the representative of a decedent holds the estate as a trust fund for the payment of the debts of the decedent, for the reason that the rights of creditors are preferred over those of heirs, devisees and legatees. Nevertheless, he also has in his charge the interests of the heirs, devisees and legatees. "He occupies the position of trustee for the persons beneficially interested in the estate." 11 R.C.L. p. 23, § 6. The relation is such that he who serves as administrator should be one who can act impartially, and in those jurisdictions such as this where the court is not bound by mandatory statutory provisions on the subject of preference right of appointment, nor by enumerated causes of disqualification to act, no one *Page 105 
should be appointed who is hostile to the observance of and respect for the rule that the purpose of administration is to both collect and preserve the estate and impartially assist in passing it to those beneficially interested according to the priority of their rights. It is as much the duty of an administrator to act diligently in uncovering and gathering property that belongs to the estate as it is to assist in the proper disposition of property the title and possession of which are in the estate without dispute.
The order appointing Frank Dowd a suitable disinterested person as administrator is affirmed.
TOLMAN, C.J., MACKINTOSH, and FULLERTON, JJ., concur.