[No. 20556.  Department Two.  April 18, 1927.]

THE STATE OF WASHINGTON, *on the Relation of B. F. Karney, Plaintiff,* v. THE SUPERIOR COURT FOR THURSTON COUNTY, *Respondent.*[1]

[1] EXECUTORS AND ADMINISTRATORS (5)—APPOINTMENT—JURISDICTION OF COURTS—DOMICILE OF DECEDENT. Where deceased was a resident of T. county at the time a guardian was appointed for her, and mentally incompetent thereafter and incapable of choosing a residence, and was merely sent from place to place to be cared for by different relatives, the superior court of T. county had jurisdiction to appoint an administrator, upon her death in K. county; nor would the error of the superior court of K. county in appointing a special administrator affect such jurisdiction and right to act.

[2] SAME (9)—RIGHT TO APPOINTMENT—HEIRS AND NEXT OF KIN. Rem. Comp. Stat., § 1431, not giving a child of a preferred class an absolute right to letters of administration, the court may appoint some other person, which cannot be questioned by one of the preferred class who made no application within the forty-five day period.

Certiorari to review an order of the superior court for Thurston county, Wright, J., entered December 31, 1926, appointing an administrator for the estate of a decedent, after a hearing before the court. Affirmed.

[1]Reported in 255 Pac. 376.

*Butler & Weiss,* for relator.

*Troy & Yantis,* for respondent.

TOLMAN, J.—The relator by this proceeding seeks a review of the action of the trial court in denying his application for the revocation of an order, theretofore regularly made, appointing an administrator. It appears that Anne M. Karney had at one time been a resident of Thurston county, and that about the year 1922 she and her husband removed to and took up their abode in Pierce county; that the husband died in Pierce county in May, 1923; that the home there was given up and Mrs. Karney shortly thereafter returned to Thurston county to keep house for a relative; that, about February, 1924, she ceased this occupation, apparently by reason of physical infirmities, and in August of that year, in the superior court for Thurston county, upon application of two of her daughters, Mrs. Karney was adjudged physically and mentally incompetent to handle and conduct her business and care for her property, and one G. H. Uhler was appointed guardian of her estate, and he afterwards qualified by filing his oath of office and giving a bond as required by the order of the court.

The guardianship continued at all times up to the death of Mrs. Karney, and by numerous orders in the guardianship matter her affairs were regulated and directed. The court, by order, provided that Mrs. Karney be taken from Olympia to Oakland, California, to be placed in charge of a daughter residing there, and directed the payment of the expense of the trip and charges for her care and support to be paid from the estate. Later, in the guardianship matter, an order was made to bring Mrs. Karney from Oakland, California, to the state of Washington, first to be cared for by a

daughter living in Pierce county; but by reason of illness in the daughter's family, the court, by order dated May 7, 1926, directed that Mrs. Karney be taken to the home of her son, B. F. Karney, in King county, there to be cared for upon the same terms as to charges and allowances as fixed for her support at Oakland. Accordingly, Mrs. Karney was taken to the home of her son in King county, where she remained until her death on December 15, 1926.

Following Mrs. Karney's death, the son was appointed special administrator by the superior court for King county, and there made application to be appointed general administrator, the hearing upon which was noted for January 3, 1927. At that time Mr. Uhler and one of the daughters appeared in the King county case, protesting the appointment of the son as general administrator, and showing to the court that, upon notice duly given, Uhler had been appointed general administrator by the superior court for Thurston county on December 31, 1926. A hearing was had upon this protest in the King county court and that court sustained the protest and refused to proceed further. Thereupon the relator appeared specially in the superior court for Thurston county, challenged the jurisdiction of that court to make the appointment of December 31, 1926, and asked a revocation of that appointment, upon three several grounds: First, that the deceased was a resident of King county at the time of her death; second, that the relator is an adult son of the deceased, is a suitable and proper person to be appointed administrator, and that the statutory forty-day period giving him preference had not expired when the appointment was made by the Thurston county court; and third, that the appointment of Uhler by the Thurston county court was based upon the petition of two

daughters of the deceased, and that, the daughters not having any nominating power under the statute, the court had no jurisdiction to appoint Mr. Uhler.

[1]   These objections can be reduced to two questions.   First: Was the deceased a resident of Thurston county at the time of her death so as to give the court jurisdiction? Second: Did the petition of the daughters, although without nominating power, confer jurisdiction upon the court to act?   And of these the first question is the more important one.

The trial court, in his memorandum opinion, said:

"An order may be taken denying the motion to vacate and quash in this court, for the reason that the court is convinced that the deceased was never mentally competent to select and choose a residence after the time of the appointment of a guardian for her.   At that time she was a resident of Thurston county.   Residence is largely a matter of intention.   She was not in condition to have any fixed intention thereafter.

"In reading the statement of facts, taken in King county, I notice that some of the witnesses testified that her mental condition was such as to indicate that she was capable of choosing a residence.   As a matter of fact she did not choose a residence, but was sent from one child to another, according to the convenience of her children and not according to her desires and the court cannot forget the testimony and the appearance of Mrs. Karney at the time of the appointment of the guardian, which to the court's mind was conclusive that she was not capable of making any choice."

We have carefully considered the evidence adduced and cannot find that it preponderates against the court's finding in this respect.   The court found as a fact that the deceased was never mentally competent to select and choose a place of residence after the time the guardian was appointed, that at that time she was a resident of Thurston county, that in fact she never did

choose a residence, but under order of the court was sent from one child to another, according to the convenience of the children and not according to the desires of the mother. Although the guardian was of her estate only and not of her person, enough appears from the record to indicate that the court did, without any protest from anyone, direct each removal made of the person of the ward. We cannot find sufficient in the evidence to overcome the presumption that the deceased, even if competent to do so, ever by act or intention changed her residence after the guardian was appointed. Nor was the order of the superior court for King county in appointing a special administrator a determination of jurisdiction such as would deprive the superior court for Thurston county of the right to act. See *State ex rel. Warren v. Ayer,* 17 Wash. 127, 49 Pac. 226; *Stern v. Sill,* 39 Wash. 557, 81 Pac. 1007.

[2]  Upon the second question, we think by our previous decisions the law is well settled. The statute (Rem. Comp. Stat., § 1431, subd. 2) [P. C. § 9947], does give to the child or children a preference right of appointment, but that is not an absolute right, and where application has been made by one of a preferred class, that application giving the court jurisdiction, the court may proceed to act by appointing someone other than as prayed for. The petition upon which the Thurston county court acted was made by two of the daughters, one a resident of Pierce county in this state, and one a nonresident of the state. These daughters were in the same class with the relator and might so petition within the forty-day period, and, due notice having been given, the court was under no obligation to wait forty days for others in the same class to appear and make application. It was held in *In re Utters' Estate,* 112 Wash. 197, 191 Pac. 836:

"  . . .  when it appeared, as it did by the peti-
tions, including the one filed by the appellant, that there
was no surviving wife, nor any heir at law eligible to
appointment under § 87 of the probate code (Laws of
1917, p. 663), since all of them were nonresidents of the
state, a situation was presented that obviated any ne-
cessity for a delay of forty days in proceeding to
exercise jurisdiction by the appointment of an admin-
istrator."

See, also, *In re Stotts' Estates,* 133 Wash. 100, 233
Pac. 280.

True, it could not truthfully be made to appear here
that there was none of the preferred class within the
state, for one of the petitioners was a resident of the
state, a member of the preferred class, and the court
having jurisdiction, others of the preferred class who
desired to present their rights to the court should have
appeared and presented those rights in that proceed-
ing. Relator did not so appear nor offer any excuse for
his nonappearance, and he therefore has no just cause
for complaint.

We conclude that the judgment of the trial court must
be and is affirmed.

MACKINTOSH, C. J., PARKER, FRENCH, and MITCHELL,
JJ., concur.