[No. 24632. Department One. December 4, 1933.]

*In the Matter of the Estate of* MARGARET ST. MARTIN, *Deceased.*[1]

*Crass & Hardin,* for appellants.

*Joseph, Haney & Veatch, Raymond C. Sly,* and *H. E. McKenney,* for respondents Gray.

*Oren R. Richards,* for respondent Kelly.

STEINERT, J.—This is a contest with reference to the appointment of an administrator of the estate of a deceased person. The appeal is taken from the order made by the court appointing the administrator named therein and refusing to appoint the person selected and agreed upon by several petitioners.

Margaret St. Martin died intestate in Skamania county, Washington, on February 15, 1933. She left

[1]Reported in 27 P. (2d) 326.

surviving her, as her heirs at law, six children and nine grandchildren, the latter being the issue of three of her deceased children. The estate consists of approximately thirty thousand dollars in cash, and securities, some real estate, and an undivided interest in a mineral springs property.

Two of the children, Katherine Haines and Margaret M. Ragan, petitioned for the appointment of Dan E. Hardin as administrator of the estate. By supplemental petitions, or else by written consent, a number of the other heirs made the same request. Those requesting Mr. Hardin's appointment represented a collective six-ninths' interest in the estate. Virginia Gray, a daughter of Mrs. St. Martin, petitioned for the appointment of herself and A. P. Gordon as joint administrators of the estate. Another daughter, Aurelia Kelly, petitioned for the appointment of herself and Virginia Gray as joint administratrices. The matter coming on for hearing on the several petitions, the court denied the prayer of each, and of its own motion appointed Mr. Gordon as the sole administrator. From the order made by the court, Katherine Haines and Margaret M. Ragan alone have appealed.

There are two assignments of error: (1) That the court erred in appointing A. P. Gordon as administrator of the estate; and (2) that the court erred in refusing to appoint Dan E. Hardin as such administrator. The two assignments will be discussed and disposed of together.

As may be surmised from the number and contrariety of petitions, there has been considerable dissension among the heirs. The evidence discloses that this dissension is of long standing, dating back to the time of the death of Isadore St. Martin, the husband of Margaret St. Martin, and the father, or

grandfather, of the various heirs. Isadore St. Martin died intestate a number of years ago, whereupon his widow and the parties to this proceeding, or in some instances, possibly,. their immediate ancestors, became proportionately entitled to his estate.

The management and conduct of the business of the mineral springs property thereafter gave rise to much dispute. At various times, the business was managed and operated by the widow or by certain of the children. Differences soon arose among the parties concerned, and continuous disagreements and trouble followed, culminating in several lawsuits which sought accountings from the parties then in possession of the property. One of these lawsuits is still pending. In all of this litigation, Mr. Hardin appeared and acted as the attorney for the appellants herein, and, as a consequence, some of the bitterness of feeling between the parties is directed toward him.

About seven years prior to the death of Margaret St. Martin, she became incompetent to manage her affairs, and Mr. Gordon, the present administrator, was appointed guardian of her estate. He continued to act as such guardian throughout the remainder of Mrs. St. Martin's lifetime. During the term of his guardianship, Mr. Gordon collected and received for his ward approximately fifty thousand dollars, which he expended or else invested in a manner that is not criticized in any way. He now has on hand about thirty thousand dollars in cash and securities. As guardian, he had a number of financial dealings with appellants and with some of the other parties to this proceeding. His relationship with them, however, seems to have been entirely harmonious.

The appellants and some of the heirs that joined in appellants' petition are now indebted to the estate for certain loans made to them, in a collective amount of

$7,150. Mrs. Kelly, who is now in possession of the mineral springs property, is indebted to the estate in the sum of three thousand dollars, for which judgment has been taken against her.

It is generally conceded that, owing to the protracted dissension among the parties, some one outside of the family should be appointed as administrator. There is no question but that Mr. Hardin would be well qualified by experience and ability to administer the estate, and that he would undoubtedly endeavor to discharge his duties with exact and impartial justice. But it is also true that his connection with the matter would very probably tend to create further discord and strife among those interested in the estate. Added to this is the fact, as suggested by the court, that Mr. Hardin lives outside of Skamania county and some fifty miles away from the property principally involved herein.

On the other hand, Mr. Gordon, who likewise appears to be above reproach, is a resident of Skamania county, has been intimately connected with the affairs of the estate for over seven years, is conversant with its details, and at present has the liquid assets of the estate in his possession. It further appears that his duties as administrator will largely be in extension of those already performed by him as guardian, and that there is but very little left for him to do except to wind up the estate. There was no showing or suggestion whatever made to the court that Mr. Gordon was in any way hostile, or that his interest as guardian would in any way prejudice or embarrass him in the performance of his duties as administrator. From the practical side of the matter, as it appears from the evidence, it seems to us that the court exercised its discretion wisely in appointing Mr. Gordon.

Appellants contend, from the legal standpoint, that the court abused its discretion in refusing to

appoint Mr. Hardin, who was the choice of those representing a six-ninths interest in the estate. That the court has a discretion in cases of this kind, there can be no question, and the contrary is not asserted herein. While the request or suggestion, by the next of kin, of a fit and suitable person for appointment as administrator is entitled to serious consideration and has a persuasive force and weight, it is not controlling upon the court's discretionary power and ultimate decision. *In re Utters' Estate,* 112 Wash. 197, 191 Pac. 836.

We have gone even further, and have held that the preference right of appointment conferred upon the next of kin by Rem. Rev. Stat., § 1431, is not absolute or conclusive, but that the court may depart from the rule when there is a substantial reason requiring it. *In re Langill's Estate,* 117 Wash. 268, 201 Pac. 28; *In re Bredl's Estate,* 117 Wash. 372, 201 Pac. 296; *In re Stotts' Estates,* 133 Wash. 100, 233 Pac. 280; *State ex rel. Cowley v. Superior Court,* 158 Wash. 546, 291 Pac. 481, 70 A. L. R. 1460; *In re Thomas' Estate,* 167 Wash. 127, 8 P. (2d) 963, 80 A. L. R. 819.

Where the court has exercised its discretion, in a case wherein it has the right to exercise it, this court will not disturb the holding, in the absence of a clear showing of abuse of discretion. This rule is of general application, and extends to matters in probate. We have repeatedly held in probate cases that, where the trial court has exercised its discretion, we will not interfere with its ruling. *In re Sullivan's Estate,* 25 Wash. 430, 65 Pac. 793; *McLean v. Roller,* 33 Wash. 166, 73 Pac. 1123; *In re Erickson's Estate,* 145 Wash. 99, 258 Pac. 857.

So far from there being any abuse of discretion shown in this case, we are convinced, from a reading

of the record, that the trial court exercised its discretion fairly, justly and correctly.

The judgment is affirmed.

BEALS, C. J., MILLARD, MAIN, and MITCHELL, JJ., concur.