[No. 32248.  *En Banc.*  March 12, 1953.]

*In the Matter of the Estate of* Agnes Leith, *Deceased.*
Frank P. Benner *et al., Petitioners-relators.*[1]

*Elmer J. Sjostrom* and *James Tynan*, for relators.

*Bernice Jonson*, for respondent.

Olson, J.—Orders denying motions to reconsider an oral ruling of the court and for a further hearing upon the ap-

[1]Reported in 254 P. (2d) 490.

pointment of a general administratrix of the estate of decedent are the subject of this review by certiorari.

Agnes J. Leith, a resident of Seattle, King county, Washington, died intestate June 5, 1952. She was a widow, and her next of kin were four nieces and five nephews. June 12, 1952, one of the nieces, Mary Teuke, petitioned for and secured the appointment of her daughter, Alyce Ekstrom, as special administratrix. June 18, 1952, she petitioned that the same person be appointed general administratrix, and notices of the hearing to be held on this petition June 30, 1952, were posted as required by statute. RCW 11.28.130 [cf. Rem. Rev. Stat., § 1433].

Immediately prior to the hearing on June 30, 1952, another niece, Gertrude Ludden, one of relators, petitioned for her own appointment as administratrix. She was represented by counsel at this hearing but offered no evidence in support of her petition. At the conclusion of the testimony submitted by Mary Teuke, the court continued the matter until the following day to permit counsel for both petitioners to submit further argument. After this argument, July 1, 1952, the court ruled that it would appoint Alyce Ekstrom general administratrix. Counsel for Mary Teuke notified counsel for Gertrude Ludden that an order in accordance with this oral decision would be presented for signature July 17, 1952.

July 11, 1952, relators, nieces and nephews of decedent, filed their petition for the appointment of one of the nephews, Frank P. Benner, as administrator. Gertrude Ludden, a former petitioner, joined this petition.

When the order in conformity with the court's previous ruling was presented to the court July 17, 1952, counsel for relators advised the court of the filing of their petition on July 11, 1952, and orally moved for reconsideration of the court's previous decision and for a hearing upon relators' petition. Both motions were denied, and an order was entered appointing Alyce Ekstrom general administratrix.

Relators contend that the court had no jurisdiction to make this appointment. Their argument is that, regardless

of the posted notice of the hearing held June 30, 1952, their proposed appointee, being a nephew of decedent, has a statutory right to be appointed, which is superior to that of the person appointed, a daughter of a niece of decedent; that relators' petition was timely, being filed within forty days of the death of decedent; that it was called to the attention of the court before the order of appointment was signed and that they had a right to have it heard.

The statute to which they refer is RCW 11.28.120 [cf. Rem. Rev. Stat., § 1431]. Its material portions read as follows:

"Administration of the estate of the person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled in the following order: . . .

"(2) The next of kin in the following order: . . . (e) nephews or nieces. . . .

"(4) If the persons so entitled fail for more than forty days after the death of the intestate to present a petition for letters of administration, or if it appears to the satisfaction of the court that there are no relatives or next of kin, as above specified eligible to appointment, or they waive their right, . . . then the court may appoint any suitable person to administer the estate."

This statute does not provide that there shall be no appointment of a general administrator until forty days have elapsed after the death of an intestate decedent. The preferred right given next of kin by this statute is not absolute. *In re St. Martin's Estate*, 175 Wash. 285, 289, 27 P. (2d) 326 (1933). If, as was done in this matter, a member of a preferred class petitions for an appointment within the forty-day period and gives the statutory notice of hearing on that petition, the court acquires jurisdiction to appoint a suitable person at the hearing held pursuant to the notice, without waiting for the forty-day period to elapse. The appointee need not be a member of the preferred class. *State ex rel. Karney v. Superior Court*, 143 Wash. 358, 362, 255 Pac. 376 (1927), and cases cited.

■ All interested persons, including other members of the preferred class, must appear at such hearing or be foreclosed from later consideration. See *State ex rel. Karney v. Superior Court, supra,* p. 363. Otherwise, interested parties could, as did one of these relators, appear at and participate in a hearing, or, as did the other relators, fail to appear at the hearing of which statutory notice had been given, and, being dissatisfied with the decision, join an alternative petition and thus render uncertain and delay the appointment of any administrator. This consequence would be inconsistent with the purpose and result of the statutory notice of hearing. Relators' first contention is without merit.

■ Relators further contend that, in any event, the court abused its discretion when it refused to reconsider its oral ruling and hear their petition. As we have stated, one of the relators had actual notice of the first hearing. The others were bound to know of it through the statutory notice regularly posted. A continuance was granted to permit counsel to be heard upon the pertinent law. The court then acted within its jurisdiction when it orally decided to appoint a suitable person to act as administratrix. That decision was not final and could have been reconsidered and changed before it was made the subject of a written order, had the court decided to do so. But the court was not required to reconsider it. Decision of the question of reconsideration rested within the discretion of the court. In the exercise of that discretion, the court decided against relators. There is no clear showing that this ruling was an abuse of discretion, and we will not disturb it. See *In re St. Martin's Estate, supra,* p. 289, and cases cited.

The orders denying relators' motions are affirmed.

GRADY, C. J., MALLERY, SCHWELLENBACH, HILL, HAMLEY, DONWORTH, and WEAVER, JJ., concur.

FINLEY, J. (dissenting)—A special administratrix was appointed in this case. We can assume that thereby the estate was being adequately cared for and its assets protected until such time as general administration could be

effectuated, as no showing was made to the contrary. Similarly, protection of assets can be arranged in connection with any estate prior to issuance of letters of general administration.

The language of RCW 11.28.120 [*cf.* Rem. Rev. Stat., § 1431] is quite clear. The next of kin, in the order enumerated in the statute, are given a preference in connection with the granting of letters of administration. Specifically, subsection four of RCW 11.28.120 [*cf.* Rem. Rev. Stat., § 1431] reads:

"(4) If the persons so entitled *fail for more than forty days* after the death of the intestate to present a petition for letters of administration, *or if it appears to the satisfaction of the court that there are no relatives or next of kin,* as above specified eligible to appointment, *or they waive their right,* and there are no principal creditor or creditors, or such creditor or creditors waive their right, *then the court may appoint any suitable person* to administer the estate." (Italics mine.)

If the above-quoted language means anything at all—and I think it does—it should seem clear that those who have preferential rights thereunder should, at least, be entitled to assert those rights by filing a petition at any time within a period of forty days after the death of the intestate; and furthermore, in connection with this, that such persons certainly should be entitled to an impartial hearing and decision, in the event of conflicting applications for letters of general administration. The right is an important one. It should not be brushed aside lightly. In my opinion, the right to an impartial *hearing* and decision relative to a petition filed within the forty-day period (by a member of the preferred class) is not inconsistent with the principle (*In re St. Martin's Estate*, 175 Wash. 285, 27 P. (2d) 326), that the statute (Rem. Rev. Stat., § 1431) is not absolutely mandatory, and that the probate court may appoint a stranger, where the interests of the estate would be served best by so doing. Obviously, (a) "if it appears to the satisfaction of the court that there are no relatives or next of kin . . . eligible to appointment," or (b) if "they waive

their right . . . then the court may appoint any suitable person to administer the estate."

It seems to me that the posting of notices in accordance with RCW 11.28.130 [cf. Rem. Rev. Stat., § 1433] does not diminish the force and effect of the forty-day provision during which members of the preferred classes may apply and thereby become entitled to a hearing regarding the issuance of letters of administration. Construing the statute to the contrary, and appointing the first suitable person for whom application is made, might be more convenient to the first applicant, to his attorney, or even to the probate court. This might even avoid the likelihood or necessity for a decision as between conflicting applicants. But the convenience of the first applicant, his lawyer, or the probate court, under such circumstances, is not the important consideration *emphasized by the statute.*

The case' of *State ex rel. Karney v. Superior Court,* 143 Wash. 358, 255 Pac. 376, may seem to support the position taken by the probate court in the instant case. However, I think it is distinguishable, and cannot see that it is authority for the action taken by the probate court. In the *Karney* case, the relator (a member of the preferred class), seemingly seeking appointment as administrator for himself, appeared specially and asked that an order (already entered) appointing someone else be revoked. It does not appear that the action was taken in the Thurston county superior court by the relator in the *Karney* case within forty days after the death of the intestate. Apparently, it was some time thereafter. In the instant case, relators filed their petition on the thirty-sixth day after the death of Agnes Leith, and before the probate court signed the order appointing Alyce Ekstrom.

It is true there was no showing that the appointment of Alyce Ekstrom would be detrimental to the estate. However, the filing of the first petition by Gertrude Ludden and the filing of the second petition by Frank P. Benner and by those who joined with him, within the forty-day period provided by the statute, in my judgment, entitled them to

an impartial hearing, and furthermore, to an impartial determination of the question of whether Alyce Ekstrom or Frank P. Benner should be appointed to administer the estate of Agnes Leith. The denial of the motions for reconsideration and for a hearing on Benner's petition constituted error, or a clear abuse of discretion. I would grant the relief sought herein by relators.