**FILED**
**OCTOBER 22, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Estate of: | ) | No. 36238-8-III |
| | ) | |
| ANNE LORRAINE TROYER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Deceased. | ) | |

PENNELL, J. — Timothy Troyer appeals a probate court order declining his appointment as personal representative of his mother's estate and, instead, appointing a neutral third-party administrator. Because the evidence presented to the probate court showed Timothy Troyer was incapable of acting as a fiduciary of the estate, we affirm.

## FACTS

Anne Lorraine Troyer died testate. Her last will and testament directed equal distribution of her estate to her three children: Timothy Troyer, Lori Troyer, and Irene Ornovitz. The will named Timothy Troyer as executor.

Prior to Anne Troyer's death, Timothy Troyer served as her primary caregiver. This lasted for several years until Anne Troyer (who suffered from dementia) fled the family home in order to stay with Lori Troyer. Approximately 10 days later, Lori Troyer moved Anne Troyer into assisted living. Anne Troyer's change in residence enraged Timothy Troyer. He sent numerous angry text messages to Lori Troyer accusing her of stealing their mother and calling Lori Troyer by a variety of vulgar names.

Timothy Troyer's animosity continued after Anne Troyer's death. In response to a text message regarding memorial services, Timothy Troyer dispatched a message stating, "You are such a bad lady there's a special place in hell for you and your idiot sister." Clerk's Papers at 35. Timothy Troyer went on to state Lori Troyer and his other sister, Irene Ornovitz, were both dead to him. He claimed both sisters "should be in jail . . . Game on !!!!! . . . You have no idea what I'm going to do f*** you !!!!" *Id*.

Timothy Troyer's rancorous messages led Lori Troyer to file a petition with the probate court seeking appointment of a neutral third-party administrator for the estate. Timothy Troyer filed a counter petition, requesting to admit Anne Troyer's will to probate and to be appointed as personal representative. Lori Troyer objected to Timothy Troyer's appointment.

After holding an evidentiary hearing, the probate court granted Lori Troyer's request for a neutral third-party administrator. The court found by clear and convincing evidence that Timothy Troyer was "not capable of fulfilling the fiduciary duties" required of a personal representative. *Id*. at 109.

Timothy Troyer timely appeals.

ANALYSIS

Timothy Troyer's primary argument on appeal is that the probate court lacked authority to reject his appointment as personal representative because he was not disqualified from service under RCW 11.36.010. According to Timothy Troyer, RCW 11.36.010(1) sets forth the only bases on which a party may be disqualified from appointment. Because he does not fall within any of the exclusions listed by this statute,[1] Timothy Troyer claims the probate court lacked legal and factual authority to deny his petition for appointment as personal representative.

Timothy Troyer's argument fails as it is inconsistent with our case law holding statutory disqualifications are not exclusive. *State ex rel. Lauridsen v. Superior Court for*

---

[1] Parties disqualified under RCW 11.36.010(1) include: "Corporations, limited liability companies, limited liability partnerships, minors, persons of unsound mind, or persons who have been convicted of (a) any felony or (b) any crime involving moral turpitude."

3

*King County*, 179 Wash. 198, 204, 37 P.2d 209 (1934); *In re Estates of Stotts*, 133 Wash. 100, 104-05, 233 P. 280 (1925); *In re Estate of Bredl*, 117 Wash. 372, 375, 201 P. 296 (1921); *In re Estate of Langill*, 117 Wash. 268, 269-70, 201 P. 28 (1921).

A personal representative, as administrator of an estate, owes a fiduciary duty to the estate's beneficiaries. *See In re Estate of Jones*, 152 Wn.2d 1, 11, 93 P.3d 147 (2004). The probate court has authority to prohibit a party from serving as personal representative if there is reason to believe the party will not comply with fiduciary obligations. *Stotts*, 133 Wash. 104-05; *Bredl*, 117 Wash. at 375; s*ee also* RCW 11.28.250. The court need not wait for an actual breach of fiduciary duty in order to take protective action. The court can "guard an estate against possible waste and loss" by appointing an appropriate administrator. *Langill*, 117 Wash. at 269.

Given Timothy Troyer's clear hostility toward his co-beneficiaries, the probate court appropriately refused to appoint Timothy Troyer as personal representative and instead appointed a neutral third party. *See In re Estate of Thomas*, 167 Wash. 127, 133-34, 8 P.2d 963 (1932) (Where animosity exists and would likely result in more litigation, a neutral, third party may be appointed to administer the estate.). We therefore disagree with Timothy Troyer's primary claim of error.

Timothy Troyer also argues he has a constitutional right to serve as personal representative and, as a result, any restriction on his right must be subjected to strict scrutiny. He cites no authority for this constitutional claim. It is at odds with the long-standing rule that the right of a particular party to serve as administrator of an estate is secondary to a beneficiary's right to have the estate "'administered and distributed in accordance with law.'" *Laurisden*, 179 Wash. at 205 (quoting *Langill*, 117 Wash. at 270). We decline to review the substance of Timothy Troyer's unsupported constitutional claim. RAP 10.3(a)(6); *State v. Dennison*, 115 Wn.2d 609, 629, 801 P.2d 193 (1990).

## ATTORNEY FEES & COSTS

Lori Troyer requests attorney fees and costs on appeal under RCW 11.96A.150 and RAP 18.1. RCW 11.96A.150 allows costs and attorney fees in probate cases to any party, from any party, and authorizes this court to "consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved."

We grant Lori Troyer's request for fees and costs. Timothy Troyer's arguments on appeal lack legal and factual support. Long-standing precedent supports Lori Troyer's position that the probate court had authority to appoint a neutral estate administrator. Given this circumstance, an award of fees is appropriate.

No. 36238-8-III
*In re Estate of Troyer*

## CONCLUSION

The order sustaining Lori Troyer's objection to the appointment of Timothy Troyer

as personal representative, and appointing a third-party administrator, is affirmed. Lori

Troyer's request for attorney fees and costs is granted.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Pennell, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Siddoway, J.

6